John Wallace WEBBER, Plaintiff and Appellant,

v.

Carolyn Sue WEBBER, Defendant and Appellee.

Civ. No. 9931.

Supreme Court of North Dakota.

July 15, 1981.

Richard B. Thomas, Minot, for plaintiff and appellant.

Farhart, Rasmuson, Lian & Maxson, Minot, for defendant and appellee; argued by Gary R. Sorenson, Minot.

PEDERSON, Justice.

John Wallace Webber appeals from the terms of a district court judgment granting him a divorce from Carolyn Sue Webber. We affirm in part and remand for further consideration by the trial court.

On August 5, 1980, John commenced an action for divorce from Carolyn. After trial, the district court made the following pertinent findings of fact and conclusions of law:

"FINDINGS OF FACT

.      .      .      .      .

"V.

"That Plaintiff is presently a regular enlisted member of the United States Air Force.

## "VI.

"That Plaintiff will retire from the United States Air Force in October, 1981, after a period of 20 years of service and will be entitled to military retirement pay pursuant to 10 U.S.C. § 8914."

## "CONCLUSIONS OF LAW

. . . . .

## "VII.

"That Plaintiff's military retirement benefits are property rights constituting marital assets and as such are subject to distribution upon dissolution of the marriage.

## "VIII.

"That upon Plaintiff's retirement from the United States Air Force in October, 1981, Plaintiff shall pay to Defendant, at the time Plaintiff receives his monthly military retirement payment, an amount equal to fifty per centum (50%) of each monthly military retirement payment Plaintiff receives; that such payments shall be made to Defendant for a maximum of 204 months, subject only to termination of Plaintiff's military retirement benefits by the death of Plaintiff.

. . . . .

## "XI.

"That Plaintiff shall pay all attorney fees and costs in this action; that Plaintiff shall pay to Defendant the sum of $2437.80 as and for attorney fees and costs in the above entitled matter and the Clerk of the District Court is authorized to enter judgment for said amount on the Judgment Roll upon entry of the Judgment for divorce."

On three grounds John contests the judgment. He argues first that his military retirement benefits, viewed correctly, are not marital assets or property subject to distribution between the parties, and that distribution of the benefits as property conflicts with and is preempted by federal law. Second, he argues that "the findings of the trial court on property division and alimony

[are] clearly erroneous." Finally, John believes the award of attorney fees was excessive.

■ Since the ruling by the district court the United States Supreme Court decided the case of *McCarty v. McCarty,* —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty,* the Court directly considered the issue of disposition of one spouse's military retirement pay upon dissolution of a marriage. Concluding that distribution of military retirement benefits as marital property is contrary to federal law and threatens a legitimate federal interest, the Court held that "retired pay cannot be attached to satisfy a property settlement incident to the dissolution of a marriage." *McCarty,* —— U.S. at ——, 101 S.Ct. at 2739. Though the *McCarty* case arose in California, a community property state, it is clear that the law of property division in states like North Dakota are affected as well. We have concluded that, in light of *McCarty,* the district court should reconsider its decision with respect to John's retirement benefits.

*McCarty* did not characterize military retirement benefits as either property, in the form of deferred compensation, or current income. *McCarty,* —— U.S. at ——, 101 S.Ct. at 2736. Instead, the court viewed these benefits as the former serviceman's "personal entitlement" not subject to express partition and dissolution according to community property law. *McCarty,* —— U.S. at ——, 101 S.Ct. at 2737. Thus it does not appear per se improper to characterize pension benefits as either income or property as long as the restriction developed in *McCarty* is observed.

■ This court has recognized that, where the circumstances require it, *all* of the property of a marriage may be awarded to one party and future payments "in lieu of the distribution of a portion of such property [may be awarded to the other] . . . for a full and final distribution of property between the parties . . . ." *Sabot v. Sabot,* 187 N.W.2d 59, 63 (N.D.1971). An award of "virtually all of the property" to the wife

was, under the circumstances of the case, held to be not clearly erroneous in *Bender v. Bender*, 276 N.W.2d 695 (N.D.1979). An award of all of the real property to the husband was upheld under the circumstances in the case of *Lapp v. Lapp*, 293 N.W.2d 121, 131 (N.D.1980). The possibility that alimony-type payments can be "in lieu of a distribution of property" was discussed in *Eberhart v. Eberhart*, 301 N.W.2d 137, 142 (N.D.1981). We also recognize the possibility that circumstances may require the award of the entire farm to one party in footnote 3 of *Williams v. Williams*, 302 N.W.2d 754, 760 (N.D.1981). The equitability of the distribution of the assets of a marriage will ordinarily be measured independently of other portions of a divorce decree. However, when circumstances require the commingling of a determination of property distribution with alimony or support or the like, the *overall* equitability will be measured.

■ The second issue raised by John, whether the findings of the trial court concerning property division and alimony are clearly erroneous,[1] is very closely bound up with the issue over retirement pay. Any modification made in the judgment with regard to retirement pay will likely call for a review of all other provisions relating to property distribution and alimony. This is evident from our discussion in the previous paragraph. We therefore must remand this issue too for reconsideration.

■ An award of attorney fees is authorized by § 14–05–23, NDCC, and is left to the discretion of the trial court. We will not tamper with the court's award unless the burdened party shows an abuse of discretion. *Nastrom v. Nastrom*, 284 N.W.2d 576, 586 (N.D.1979). The reasonableness of the award is considered in the context of the parties' financial position "at the time of the commencement of the action, and not as of the time of appeal." *Davis v. Davis*, 268 N.W.2d 769, 779 (N.D.1978). At the time of trial John had a gross income of $1,456 per month. Carolyn had a job from

which her gross income was $136 weekly. From these facts alone we conclude there was no abuse of discretion.

The award of attorney fees is affirmed. The remaining issues regarding property distribution and alimony are remanded for further consideration in light of *McCarty v. McCarty, supra.*

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.