**Clifford V. HERRICK, Plaintiff and Appellee,**

v.

**JoAnn HERRICK, Defendant and Appellant.**

**Civ. No. 10025.**

Supreme Court of North Dakota.

Feb. 11, 1982.

Hjellum, Weiss, Nerison, Jukkala & Wright, Jamestown, for plaintiff and appellee; argued by Gerald W. Jukkala, Jamestown.

Pope & Stites, Jamestown, for defendant and appellant; argued by Georgia M. Pope, Jamestown.

ERICKSTAD, Chief Justice.

JoAnn Herrick appeals from a judgment of the District Court of Stutsman County, granting her a divorce from Clifford V. Herrick on the grounds of adultery. She is contesting the trial court's division of property and alimony award. We affirm in part, reverse in part and remand.

The parties have presented the following two issues for review:

## I.

Did the court err by finding that the profit sharing trust accumulated by Clifford during the marriage is not a marital asset for purposes of property division?

## II.

Did the court err by failing to award permanent alimony to JoAnn?

The parties had been married for 22 years when Clifford sued JoAnn for divorce on the grounds of irreconcilable differences. JoAnn counterclaimed for a divorce on the grounds of adultery and habitual intemperance. A divorce was granted to JoAnn on the grounds of adultery.

JoAnn worked outside the home during 18 years of the 22-year marriage. She was also responsible for the cooking, cleaning, and children's activities.

At the time of the divorce Clifford's annual income was $23,000. JoAnn's annual

income was approximately $13,000. Both parties were 39 years old.

During their marriage, the parties accumulated a net worth of approximately $125,531. Their property included a profit sharing trust in the amount of $15,086.[1] It also included a $20,000 gift received from JoAnn's parents in 1976. The testimony was that the gift was given to JoAnn as compensation for the college education she did not receive. JoAnn and Clifford applied the gift to the construction cost of their home.

The trial court made essentially the following property division at the time of the divorce:[2]

JoAnn

| | | |
|---|---|---|
| 1. | Automobile No. 1 | $ 1,700.00 |
| 2. | Automobile No. 4 | 7,450.00 |
| 3. | Personal Property | 5,930.00 |
| 4. | Jewelry | 1,994.00 |
| 5. | Osakis Property (lake home) | 9,358.00 |
| 6. | Homestead | 45,858.00 |
| | | $72,290.00 |

Clifford

| | | |
|---|---|---|
| 1. | Cash | $ 599.00 |
| 2. | Automobile No. 2 | 1,300.00 |
| 3. | Automobile No. 3 | 1,075.00 |
| 4. | Personal Property | 3,266.00 |
| 5. | Boat | 2,200.00 |
| 6. | Profit sharing | 15,086.00 |
| 7. | Jewelry | 4,456.00 |
| 8. | Osakis Property (lake home) | 9,358.00 |
| 9. | Homestead | 25,858.00 |
| | | $63,198.00 |

Clifford was also ordered to assume debts amounting to $9,956 leaving an equity of the value of $53,242. Translated into percentages, the court awarded Clifford 42.4 percent of the property, and JoAnn 57.6 percent of the property.

JoAnn's homestead award is $20,000 more than that awarded to Clifford. The $20,000 was awarded to her to compensate her for the $20,000 gift received from her parents.

We will first discuss whether or not the court erred in its conclusion regarding the profit sharing trust. We will then discuss the alimony award.

*Profit Sharing Trust*

The trial court made the following finding of fact regarding the profit sharing trust:

"10.

"The Court finds that Plaintiff has accumulated in the form of a profit sharing trust the amount of $15,086.00 during the course of the parties' marriage while employed at the First Bank of North Dakota —Jamestown, Jamestown, North Dakota, and the Court further finds that JoAnn Herrick did not actively contribute to the accumulation of said profit sharing trust and therefore said trust shall not be considered a marital asset for purposes of property division."

JoAnn contends that the trial court's finding that the trust is not a marital asset is error. In support of her position, she cites *Keig v. Keig*, 270 N.W.2d 558 (N.D. 1978). In *Keig*, we held that the district court was correct in considering a profit sharing fund in the division of property.[3] We said:

---

**1.** Clifford testified as follows concerning the profit sharing trust:

"A. The First Bank System Deferred System Profit Sharing Trust is a profit sharing plan established for eligible employees of First Bank System and its affiliates. It is based on a mathematical formula on individual bank performance in relation to the total enterprise performance, and also individual salaries of covered employees. All contributions are made by First Bank Jamestown."

**2.** There is a discrepancy between the values we have used and those used by the trial court in its findings of fact. We have used the values provided in Clifford's brief. Those values were not disputed by JoAnn.

**3.** Both this case and *Keig* involve private profit sharing trusts. Such must be distinguished from the retirement benefits involved in *Webber v. Webber*, 308 N.W.2d 548 (N.D.1981). *Webber* involved a divorce of a member of the United States Air Force. As an enlisted man in the Air Force, the plaintiff was entitled to retirement pay pursuant to 10 U.S.C. § 8914. The trial court in *Webber* ruled that his benefits constituted a marital asset, and so ordered that 50 percent of the plaintiff's monthly retirement payments be made to the defendant. On appeal, we reversed, citing *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d

"Gladys may not have contributed to accumulation of the pension fund per se, but the record indicates that she provided employment, effort and support towards establishing the medical practice. In making a division of the property, the marriage status and obligations arising therefrom, as a whole, must be considered. . . . There was no error as a matter of law." (Citations omitted.) *Id.* at 560.

JoAnn contends that this case parallels *Keig.* We agree.

■ The trial court's determination that the profit sharing trust should not be considered a marital asset for purposes of property division was made in its findings of fact. In *Butts Feed Lots, Inc. v. Board of County Commissioners,* 261 N.W.2d 667, 669 (N.D.1977), we held that the label used by the trial court is not conclusive in determining whether a trial court's finding is one of fact or of law. In analyzing findings of fact and conclusions of law, we look to the substance rather than the labels used by the trial court. *Fercho v. Montpelier Public School District No. 14,* 312 N.W.2d 337, 340 (N.D.1981); *Hamilton v. Winter,* 281 N.W.2d 54, 58 (N.D.1979). Although the trial court termed its conclusion a finding of fact, it is in substance a conclusion of law and, therefore, fully reviewable by this court. *Hager v. Devils Lake Public School District,* 301 N.W.2d 630, 633 (N.D.1981).

■ When a divorce is granted, the court is required by Section 14-05-24, N.D.C.C., to make an equitable distribution of the parties' property. That section provides in part:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, . . . ." § 14-05-24, N.D.C.C.

Under that section, the court must consider all of the property accumulated by the parties, both jointly and individually owned. *Hoge v. Hoge,* 281 N.W.2d 557, 561 (N.D. 1979). The court in this case should have, as a matter of law, considered the profit sharing trust as a part of the marital estate. Its failure to do so is an error of law.

JoAnn seems to argue that the least she should have received was an additional $7,500, or one-half of Clifford's profit sharing trust fund. If she had been awarded an additional $7,500, her total award would have been $79,790, or 63.6 percent of the parties' property. Clifford's award would then have been reduced by $7,500 to $45,-742, or 36.4 percent of the property ($63,198 minus the debt of $9,956 equals $53,243; $53,243 less $7,500 as half of the trust equals $45,742).

We said in *Hultberg v. Hultberg,* 259 N.W.2d 41, 46 (N.D.1977), that "[t]he parties are entitled to a division of their property by the district court free from the influence of erroneous interpretations of law." We are not convinced that had the trial court considered the trust a part of the marital estate it would not have made the same division in light of the disparity in shares that otherwise would have resulted. However, to avoid the risk of speculating on what division the court might have made had it included the profit sharing trust in the marital estate, we remand for a new determination of the division of property.

### Permanent Alimony

■ The trial court awarded alimony to JoAnn in the amount of $150 per month for 14 months. JoAnn contends that the trial court should have awarded her permanent alimony. She argues that an application of the *Ruff-Fischer* guidelines requires the court to award her permanent alimony.

589 (1981). In *McCarty,* the United States Supreme Court directly considered the issue of disposition of one spouse's military retirement pay upon dissolution of a marriage. The Court concluded that distribution of military retirement benefits is contrary to federal law and threatens a legitimate federal interest. *McCar-*

*ty,* 453 U.S. at 232, 101 S.Ct. at 2741, 69 L.Ed.2d at 605–06.

In the instant case, the profit sharing trust was established by the First Bank System, not the federal government. No federal or state interest is threatened by the division of such a private trust.

The parties, in their briefs, agree that the trend in modern domestic relations is to treat alimony as a method for rehabilitation of the party disadvantaged by the divorce. *Williams v. Williams*, 302 N.W.2d 754, 758 (N.D.1981); *Bingert v. Bingert*, 247 N.W.2d 464, 469 (N.D.1976).

In this case, JoAnn testified that she intended to stay in Jamestown to continue her present employment. The court appears to have awarded alimony for 14 months because that is the length of time JoAnn will have a dependent child living in her home. Although a child often needs help beyond its majority, and a spouse who has custody has needs beyond those related to aiding a child, in light of Clifford's fairly limited income and assets, and JoAnn's present and apparently continuing income and assets, we do not believe that the trial court's award of limited alimony was clearly erroneous.[4]

We affirm in part, reverse in part, and remand.

SAND, VANDE WALLE and PEDERSON, JJ., and DENNIS A. SCHNEIDER, District Judge, concur.

SCHNEIDER, District Judge, sitting in place of PAULSON, J., disqualified.

---

4. The court ordered Clifford to pay $225 monthly until the minor children attain the age of 18 years for the support of the minor children.