**Bernard Charles WATNE, Plaintiff and Appellee,**

v.

**JoAnn Jean WATNE, Defendant and Appellant.**

**Civ. No. 11098.**

Supreme Court of North Dakota.

July 23, 1986.

Paul K. Legler, Fargo, for plaintiff and appellee.

Richie & Associates, Fargo, for defendant and appellant; argued by Craig M. Richie.

MESCHKE, Justice.

JoAnn Watne appeals from an order denying her motion to amend a divorce judgment to permit her to share in Bernard Watne's military retirement pay. We affirm.

JoAnn and Bernard were married from 1971 to September 1982, while Bernard served in the United States Navy. The divorce judgment gave JoAnn custody of their daughter and awarded JoAnn all of the personal property (valued at $3,100), child support of $200 a month, rehabilitative spousal support of $200 a month for twelve months and $1,000 for attorney's fees. Bernard was made responsible for the parties' debts of about $9,500. The trial court determined that "[Bernard] has a military pension, but the Court did not consider it because it is deemed too speculative a property right." Neither party appealed the divorce judgment.

On September 22, 1983, after her spousal support payments ceased, JoAnn moved to increase monthly child support from $200 to $500. On September 21, 1984, JoAnn and Bernard agreed to an amended judgment increasing monthly child support to $300. Not until September 19, 1985 did JoAnn move for relief from the judgment in order to allow her to share in Bernard's military retirement pay.

JoAnn's motion was based solely on a change in federal law, which she asserted constituted sufficient justification to grant relief from the judgment, presumably under Rule 60(b)(v), N.D.R.Civ.P. ("... it is no longer equitable that the judgment should have prospective application") or Rule 60(b)(vi), N.D.R.Civ.P. ("any other reason justifying relief from the operation of the judgment"). A motion under either Rule 60(b)(v) or 60(b)(vi) "must be made within a reasonable time." JoAnn presented no evidence on the value of Bernard's military retirement. The trial court denied the motion, stating that Bernard's interest in his retirement plan was personal property which had already been considered and was not subject to modification.

*McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), held that military retirement benefits could not be distributed as community property in state court divorce proceedings. In response to the *McCarty* decision, Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA) on September 8, 1982, codified in pertinent part at 10 U.S.C. § 1408(c)(1), effective February 1, 1983. The USFSPA provides:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a [service] member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

Essentially, the USFSPA reestablished the power of each state to treat military retire-

ment pay as a marital asset for distribution in divorce proceedings.

The Watne divorce became final during the nineteen-month period between *McCarty* and the effective date of USFSPA.

Where a divorce judgment became final during this nineteen-month period, and a former spouse of a serviceman returns to court seeking a share of retirement benefits earned during the marriage, a court faces the unenviable task of choosing between preserving finality of a judgment or elevating a congressional policy favoring a bypassed former spouse. The inherent dilemma and various state court responses are analyzed and summarized in Notes, *Closing the McCarty-USFSPA Window: A Proposal for Relief from McCarty-Era Final Judgments*, 63 Tex.L.Rev. 497 (1984). The difficulties are comparable to those we encountered in *Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985) where we had to weigh finality considerations against legislative policy:

> "The limited circumstances delineated in Rule 60, N.D.R.Civ.P., suggest that if a court has unlimited power to change a final determination, the legal process would be unending and the goal of a final resolution of disputes would be proportionately defeated." *Id.* at 579.

Before *McCarty* this court would have considered military retirement benefits as property rights subject to division upon divorce. *Webber v. Webber*, 308 N.W.2d 548 (N.D.1981). The trial court in *Webber* found that John Webber would retire from the United States Air Force in October 1981 and included John's military retirement benefits in the property division. While John's appeal was pending, the Supreme Court rendered its *McCarty* decision and this court remanded *Webber* to the trial court for reconsideration in light of *McCarty*.

In *Rust v. Rust*, 321 N.W.2d 504 (N.D. 1982), we applied *McCarty* in holding that a military pension was not divisible as a property right in divorce actions, but could be considered in the determination of spousal support. In *Bullock v. Bullock*, 354 N.W.2d 904 (N.D.1984), we rejected *Rust's* holding that a military pension was not a divisible marital asset because Congress overruled *McCarty* in enacting USFSPA.

Courts do not retain jurisdiction to modify a final distribution of property. However, §§ 14–05–22 and 14–05–24, N.D.C.C., authorize a trial court to amend a divorce judgment for alimony, for spousal support, and for custody, care, and education of children. *Boschee v. Boschee*, 340 N.W.2d 685 (N.D.1983). And, a final property division may be attacked in the same manner and on the same grounds as other judgments. *Wikstrom v. Wikstrom*, 359 N.W.2d 821 (N.D.1984) (award of civil service retirement benefits constituted property settlement not subject to modification).

Although JoAnn asserts that her request for sharing in the retirement pay concerns spousal support, the record does not sustain that position. No evidence was introduced at trial to show the value or potential value of Bernard's retirement benefits. Indeed, the court specifically found that the rights were too speculative to consider and that finding was not appealed. Although *McCarty* prohibited division of military retirement pay, *Rust v. Rust, supra*, allowing the consideration of retirement pay as a factor in determining an award of spousal support, had been decided before the original judgment for JoAnn was entered. More than eight months after USFSPA became effective, JoAnn moved for modification of child support, but did not then seek extension of spousal support. Her present motion was not accompanied by any showing of change of circumstances. Under the facts of this case, we conclude JoAnn's motion cannot be considered as a motion to increase spousal support, but must be considered as a 60(b) motion for relief from the judgment on property division.

Our standard of review in an appeal from a Rule 60(b) order, including one from a divorce judgment, is whether the trial court abused its discretion. *Jostad v. Jostad*, 285 N.W.2d 583 (N.D.1979). Rule 60(b)(v) allows reopening when "it is no longer equitable that the judgment should have

prospective application." Rule 60(b)(vi) allows reopening for "any other reason justifying relief from the operation of the judgment." The latter, catch-all provision should only be used when none of the other subsections of Rule 60(b) apply, and then only in extraordinary circumstances. *Hefty v. Aldrich,* 220 N.W.2d 840 (N.D. 1974).

Bernard relies on *Small v. Burleigh County,* 239 N.W.2d 823 (N.D.1976) to support his position that a change in law is not a sufficient ground for reopening a judgment pursuant to Rule 60(b)(v) or (vi). But, our holding in *Small* is not as absolute or rigid as Bernard interprets it. In *Small,* a later change in law permitted certain construction of barriers on section lines, which the judgment ordered removed. On appeal from denial of a 60(b) motion, we did not find it inequitable that the judgment ordering removal of the barriers be carried out. *Small,* 239 N.W.2d at 828. Nor did we find justification under Rule 60(b)(vi) for vacating the judgment, despite the subsequent change in law. But, we did not foreclose the possibility that a change in law may sometimes be sufficient justification to reopen a judgment.

A motion under subsections (iv), (v) or (vi) of Rule 60(b) must be brought within a reasonable time. JoAnn's motion to reopen the judgment to allow her to share in the military retirement was not brought until September 1985, nearly three years after USFSPA's effective date. During that time JoAnn brought other motions concerning the divorce judgment. No reasons were given for the delay in bringing this motion. No evidence was introduced at the hearing to show the value of the military retirement, nor to show any change of circumstances that might otherwise justify the relief sought. On the basis of the record before us, we are unable to conclude that the trial court abused its discretion in declining to disturb the finality of the property division.

Accordingly, the trial court's order denying relief is affirmed.

ERICKSTAD, C.J., GIERKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, S.J., sitting in place of LEVINE, J., disqualified.