**Sharon E. Lippert KUEHL, Plaintiff and Appellee,**

v.

**Theodore R. LIPPERT, Defendant and Appellant.**

**Civ. No. 11218.**

Supreme Court of North Dakota.

March 2, 1987.

Baird and Evenson, Bismarck, for plaintiff and appellee; argued by LaRoy Baird III.

Bair, Brown & Kautzmann, Mandan, for defendant and appellant; argued by Dwight C.H. Kautzmann.

LEVINE, Justice.

This appeal raises the question whether a change in land values justifies relief under Rule 60(b)(v), North Dakota Rules of Civil Procedure, from the property distribution provisions of a divorce judgment. We hold it does not and affirm the order denying relief.

Theodore R. Lippert and Sharon E. Lippert Kuehl were divorced in 1983. The trial court valued their net marital estate at $470,000, of which $330,000 was ascribed to real property and improvements. As part of the property distribution, Sharon re-

ceived $34,000 she had inherited, $40,000 cash from Theodore payable within 120 days after entry of judgment, and 20 annual payments of $10,000 from Theodore with no interest on the unpaid balance. Theodore received the parties' farm, machinery, livestock and grain.

Theodore appealed from the judgment distributing the parties' property. This Court found the trial court's $330,000 valuation of the real property and improvements clearly erroneous, ascribed a value of $310,000 to that property, and remanded "to allow the trial court an opportunity to redetermine the matter of an equitable distribution in light of a correct valuation of the parties' property and arguments of the parties in relation thereto." *Lippert v. Lippert*, 353 N.W.2d 333, 337 (N.D.1984).

On remand, the trial court determined the net value of the parties' marital estate to be $450,000, thus reflecting this Court's evaluation of $310,000 for the parties' real property and improvements. The judgment on remand entered on March 14, 1985 provided in part:

"Each party is entitled to cash or property having a value as of the time of trial and initial decision of $225,000. $34,000 of Plaintiff's share shall be cash and securities already in her name. An additional $40,000 shall be paid to Plaintiff by Defendant within 20 days of judgment on remand being entered. The remaining balance of $151,000 shall be paid by Defendant to Plaintiff in annual installments with the unpaid principal bearing interest at the rate of 7½% per annum."

The original judgment was otherwise unchanged and was incorporated in the judgment on remand. Theodore appealed from the judgment on remand, but the appeal was dismissed by stipulation.

On August 28, 1985, Theodore filed a motion pursuant to Rule 60(b)(v), NDRCivP, requesting relief "on the grounds that the original Judgment and Judgment on Remand are no longer equitable and it is no longer further equitable that the Judgment should have prospective application." In his motion, Theodore as-

serted that there had been "a drop in prices for crops," leaving him unable to "make the payments ordered." He requested "that a new sum be determined as to the true market value of the property," and that he be ordered "to make payments that he can afford to make based upon the true value of the property." Alternatively, Theodore requested that the real property, machinery and cattle be sold, with the proceeds equally divided between the parties. Theodore's counsel asserted at the hearing on the motion that the judgment "is no longer equitable simply because of what has happened to the land values. We are asking you to reevaluate." In a February 25, 1986, order the trial court denied Theodore's motion, stating, in part, that "[t]here is no basis in fact or otherwise for granting relief pursuant to Rule 60."

Theodore has raised the following issues on appeal: (1) Whether relief may be afforded under Rule 60(b)(v), NDRCivP, if it is no longer equitable that the judgment should have prospective application; and (2) whether the property distribution is still equitable.

Beginning with *Sinkler v. Sinkler*, 49 N.D. 1144, 194 N.W. 817, 820 (1923), this Court has held that a property distribution contained in a divorce judgment may not be modified under what is now codified as § 14-05-24, NDCC, but may be modified in the same manner and on the same grounds as other judgments. *See also Watne v. Watne*, 391 N.W.2d 636 (N.D.1986); *Dietz v. Dietz*, 65 N.W.2d 470 (N.D.1954).

Rule 60(b), NCRCivP, is a vehicle for seeking relief from a judgment. The rule "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2851, p. 140 (1973). The rule may not, however, be used to relieve a party from free, calculated and deliberate choices, or as a substitute for an appeal. *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986). Absent an appeal, a final determination may be

modified only in rare circumstances. *Lang v. Bank of North Dakota*, 377 N.W.2d 575, 579 (N.D.1985). In ruling on 60(b) motions, courts "carefully consider the hardship that a modification of judgment might visit on other parties." Note, *Federal Rule 60(b): Relief From Civil Judgments*, 61 Yale L.J. 76, 86 (1952).

■ Our standard of review in an appeal from a Rule 60(b) order is whether the trial court abused its discretion. *Watne v. Watne, supra*, 391 N.W.2d at 638.

■ Rule 60(b)(v), NDRCivP, authorizes relief from a judgment if "it is no longer equitable that the judgment should have prospective application." While that provision's principal significance is in cases involving injunctions, it is not limited to such cases. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2863 (1973); 7 Moore's Federal Practice ¶ 60.26[4] (1985). There must be an unforeseen change of circumstances and a judgment with prospective application.[1] *State v. Martinsville Development Co., Inc.*, 174 Ind.App. 157, 366 N.E.2d 681 (1977).

Theodore chose to receive the land in the property distribution and, as the trial court observed at the hearing on Theodore's motion, he:

"... could have sold this land the day that judgment was entered, but he chose not to do that. He incurred the risk. He chose to keep the land, and with that, he accepted the possibility that the land would go up in value. If it had gone up in value, he stood to benefit or gain. It might go down. If it went down, that is the risk he took."

It is precisely that free, calculated and deliberate choice exercised by Theodore which is beyond the scope of Rule 60(b) relief.

While prediction of the future value of land is notoriously difficult, *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 17, 104 S.Ct. 2187, 2198, 81 L.Ed.2d 1, 15 (1984), a parcel of land's potential for a change in value is presumably accounted for in a present valuation. This Court has observed that farm land may increase in value over time. *See Pankow v. Pankow*, 347 N.W.2d 566 (N.D.1984). As this case and circumstances now existing in the agricultural sector indicate, farm land may also decrease in value over time.

In *United States v. 12.381 Acres of Land*, 109 F.Supp. 279 (D.N.M.1953), the parties to a condemnation proceeding stipulated to an annual rent of $250.00. Thereafter, a rapid increase in area population increased the value of the land and the owner sought to have the stipulation and judgment set aside under Rule 60(b), F.R. Civ.P. In denying relief, the court explained, 109 F.Supp. at 282:

"It is not enough to become dissatisfied with an agreement. Nor is it enough to have an advancing market demonstrate the unwisdom of the agreement from a financial standpoint. Even under the broad powers conferred, substantial reasons must be alleged and proved, and they must be such as go beyond the facts revealed by the circumstances of the pending case."

We agree and add that a declining market also is not enough.

■ The unforeseen change in circumstances contemplated by Rule 60(b)(v) is something different from and more than the vagaries of the marketplace that underlie to some degree all business transactions. Risks are assumed and choices made not only on the basis of present circumstances but also of necessity by having to predict, in a sense, the future course of events. We hold that as a matter of law a change in the value of property distributed in a divorce judgment is, for purposes of Rule 60(b)(v), foreseeable and thus insufficient to support relief from the judgment.

---

**1.** Because we hold that the change in circumstances in this case does not meet the unforeseeability threshold contemplated by Rule 60(b)(v), we do not decide whether the divorce judgment is of prospective application. We note, however, that if it is prospective, it is only so in a limited sense. The only prospective feature consists of a plan for deferred payment of a fixed obligation. *See Reed v. Reed*, 484 S.W.2d 844, 846 (Ky.App.1972).

A contrary holding would obliterate the finality of property distributions by leaving them open always to change in response to changing market values. As we recently observed in *Lang v. Bank of North Dakota, supra,* 377 N.W.2d at 579:

"The limited circumstances delineated in Rule 60, N.D.R.Civ.P., suggest that if a court has unlimited power to change a final determination, the legal process would be unending and the goal of a final resolution of disputes would be proportionately defeated.

"In resolving legal controversies the public interest demands that, at some point, there be an end to litigation so that the parties may go about their normal business."

Accordingly, the order appealed from is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.