LILLIAN M. BROWN *vs.* WALTER O. BROWN.

JULY 1, 1927.

PRESENT: Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Divorce.   Alimony.   Modification of Final Decree.*

As long as an agreement embodied in a decree for alimony is in part executory and not fully performed, even although entered in the final decree for divorce by consent of the parties; it is subject to modification by the court as to payments not yet accrued, but where the parties have made their agreement and have caused the same to be entered in the final decree it is too late after *full performance* to modify the same, in the absence of any evidence of mistake in the agreement.

*(2)   Divorce.   Appeal.   Exceptions.   Modification of Final Decree.*

Appeal and not a bill of exceptions is the proper procedure to review the
   action of the lower court in modifying a final decree for divorce in respect
   to alimony.

DIVORCE.   Heard on appeal of both parties to decree of
Superior Court modifying final decree in respect to alimony
and on bill of exceptions of respondent.   Petitioner's appeal
dismissed.   Respondent's bill of exceptions dismissed.   Re-
spondent's appeal sustained.

STEARNS, J.   Lillian M. Brown filed a petition for divorce
and for permanent alimony August 10, 1922, and on the
same day a petition for a temporary allowance, counsel and
witness fees.   A decree *pendente lite* was entered August 18,
1922, whereby the respondent, her husband, was ordered to
pay to petitioner $5 weekly until further order of court and
a counsel fee of $25.   September 21, 1922, the petition for
divorce was heard and decision given for petitioner.   June 2,
1925, Mr. Adler entered his appearance as solicitor for com-
plainant.   Mr. John F. Collins, the original solicitor of
petitioner still continued as one of her solicitors.   June 15,
1925, on affidavits of petitioner and Mr. Adler, execution
was ordered to issue against respondent for $685, the arrear
then due under the interlocutory decree.   The respondent
was arrested on the execution June 22, 1925, and on the
same day released by order of the Superior Court.   On the
back of the execution is the following entry:

"June 23, 1925.

In consideration of the decree entered June 23, 1925,
authorizing payts of $50 June 23, 1925 and $50 to be paid
June 23, 1925 and $10 per week thereafter till said sum of
$685 is paid in full, I hereby agree that upon failure to pay
said sum or sums as above stipulated, then this execution to
be in full force and effect.

Walter O. Brown.

Witness signature of W. O. B.

   Thomas J. Dorney.

*To the Sheriff and His Deputies:*—

I hereby authorize you to release the above Walter O. Brown from your custody by above order of the Honorable Superior Court.  ·

Walter Adler.

*Attorney for Lillian O. Brown.*"

There is no decree of the date of June 23 in the papers nor is there any jacket entry of such a decree. On motion of respondent, and after a hearing, July 2, 1925, a decree modifying the decree of August, 1922, was entered ordering the respondent to pay petitioner $50 June 23, $50 June 30, 1925, and "$10 each week thereafter until the full sum of $685 shall have been paid." This decree was assented to as to form by Mr. Adler, and the solicitor for respondent.

July 14, 1925, upon request of the solicitor of respondent, the final decree of divorce was prepared and caused to be entered by Mr. Collins. The order for payments in the decree of July 2, 1925, was incorporated verbatim in the final decree. Respondent complied with the decree and made the last payment about a year and three months after entry of the final decree. January 24, 1927, Mr. Adler filed a motion to modify the decree of July 2 and of July 14, 1925. After a hearing on February 11, 1927, by decree of the Superior Court, respondent was ordered to pay the petitioner $6 each week until further order of the court.

Both parties have appealed from this last decree. The respondent, being in doubt as to the correct procedure, has also brought his bill of exceptions to this court.

Petitions for temporary support, award of alimony and for the custody of children may be joined with a petition for divorce or may be brought separately. An allowance for temporary support is not dependent upon the outcome of the suit for divorce in so far as obligations have become established at the time of entry of the final decree. After that time, any future provision for the wife is for alimony and is not for temporary support. *Grattage* v. *Superior Court,*

42 R. I. 546; *Hurvitz* v. *Hurvitz*, 44 R. I. 501; *Harvey* v. *Harvey*, 45 R. I. 383. Alimony is incidental to and contingent upon a divorce; the procedure to obtain it is equitable in its nature and ancillary to the original proceeding for divorce; the decree for alimony may be separate or a part of the final decree of divorce. *Warren* v. *Warren*, 36 R. I. 167. The evidence in the case at bar, although somewhat fragmentary, establishes the following conclusions. After the arrest of respondent, the parties evidently made an agreement for the temporary support of petitioner, which was embodied with the consent of the court in the modifying decree of July 2, 1925. This latter decree superseded the first decree. The embodiment of this agreement by the parties in the final decree changed the agreement for future payments from one for temporary support to an agreement for alimony; and when it was approved by the court and made a part of the final decree of divorce, the provisions of the agreement which were executory became the decree of the court for alimony. As long as this agreement embodied in the decree for alimony was in part executory and not fully performed, even although entered in the final decree by consent of the parties, it was subject to modification by the Superior Court as to payments not yet accrued. *Ward* v. *Ward,* 48 R. I. 60.

At the hearing on the petition to modify the decree for alimony, the trial justice found that there had been a change in the circumstances of the petitioner which in his judgment warranted an order for an increase of alimony. The justice supported his decree of modification on the authority of the *Ward* case. In the *Ward* case a petition was filed in the Superior Court to modify a decree for alimony, entered by consent after the entry of a final decree for divorce. The decree for alimony was partially executory and not wholly executed, as was the agreement and decree in the *Phillips* v. *Phillips*, 39 R. I. 92. The Superior Court was not asked to modify an executed agreement or decree but only that portion of the decree which was still executory. It was

held that the Superior Court had jurisdiction to modify so much of the final decree for alimony as was still executory. The *Ward* case is, therefore, not an authority for the modification of an executed agreement or decree for the payment of alimony.

In the *Phillips* case, *supra*, a contract between husband and wife, making provision by an executed trust for alimony, after a decision granting the petition of the wife for divorce, was held to be valid and enforceable and a bar to a subsequent petition for alimony although the original petition for divorce contained a prayer for alimony and the final decree contained no provision therefor. The right to alimony is based on the duty of the husband to support his wife; when a divorce is granted to the wife the duty of the husband to make provision for her future support continues. It is for the interest of the State, and for the parties, that when the bond of marriage has been dissolved, the rights and duties incidental to the marriage status should be determined as far as is possible within a reasonable time thereafter. If the wife claims dower, such claim must be made within six months after the final decree for divorce (G. L. 1923, C. 291, sec. 5); or, if within that period she makes claim for alimony, which is a waiver and release of dower, such claim, although not required to be made within six months, must be made with due diligence and unless so made, is subject to the defence of laches or waiver. *Wilford* v. *Wilford*, 38 R. I. 56. An agreement between husband and wife for alimony, if it is fair and not designed to improperly influence the conduct of the parties in the proceedings for divorce or to mislead the court, is not opposed to public policy and is valid. As long as any part of such a contract which is embodied in a final decree in the divorce proceedings is executory, such part may be modified by the Superior Court. One reason for this rule is that when performance of the decree, without fault of the husband, has by a change in circumstances become impossible or unduly burdensome, the Superior Court, in the exercise of

its equitable powers, can modify its requirements. If to enforce the decree it is necessary for the petitioner to rely on the aid of the court, to receive such aid the petitioner can properly ask to receive only that which is equitable. The situation is different where the contract, as in the Phillips case, or decree for alimony has been fully performed. The former wife has then received her alimony or provision therefor and this phase of the litigation is ended.. In the case at bar the petitioner, three years after the decision for divorce was given, and more than a year and a half after the respondent had paid the alimony agreed upon, now asks for additional alimony alleging that she now needs more money for her support. The respondent is a working man who earns a small wage. In fixing the total amount of alimony at $685, it is fair to assume that the parties took into consideration both their present and probable future condition and needs. Having thus made their agreement and having caused the same to be entered in the final decree, it is now too late after full performance to modify the same. There is no evidence of mistake in the agreement; any misunderstanding that may exist is due to the action of petitioner in employing first one, then the other solicitor in the same transaction.

The case is properly here on appeal. *Ward* v. *Ward, supra.* Respondent's bill of exceptions is not properly here, and is dismissed.

The petitioner's appeal is denied and dismissed.

The respondent's appeal is sustained, the decree appealed from entered on the 11th day of February, A. D. 1927, is reversed and the cause is remanded to the Superior Court.

*Walter Adler*, for petitioner.

*Thomas J. Dorney, James F. McCartin*, for respondent.