589 N.W.2d 201 (1999)
1999 ND 2
ALLIED MUTUAL INSURANCE COMPANY, as subrogee for Odd Job Squad, Plaintiff and Appellant,
v.
DIRECTOR OF THE NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, an arm of the State of North Dakota, and Richard Leo Niemi, in his capacity as an employee of the North Dakota Department of Transportation, Defendants and Appellees.
Civil No. 980195.
Supreme Court of North Dakota.
January 27, 1999.
*202 Dennis Lindquist, Mandan, ND, for plaintiff and appellant.
W. Todd Haggart, Special Assistant Attorney General, Fargo, ND, for defendants and appellees.
KAPSNER, Justice.
[¶ 1] Allied Mutual Insurance Company (Allied) appealed from a district court judgment dismissing its complaint. We hold actual notice of an occurrence is insufficient to satisfy the written notice requirement of N.D.C.C. § 32-12.2-04(1) (1995). We affirm the district court judgment.
[¶ 2] In February 1998, Allied filed a complaint alleging on March 25, 1996, Richard Leo Niemi, while acting within the scope of his employment with the North Dakota Department of Transportation (the Department), was driving a Caterpillar 950 loader on United States Interstate Highway 29, north of Fargo. Niemi crossed the highway median and struck a Plymouth van owned by Odd Job Squad and insured by Allied. The collision damaged the van, injured several occupants, and killed one passenger. Allied contended Niemi's negligent operation and the Department's failure to maintain the loader were the causes of the injuries.
[¶ 3] Allied paid $34,354.35 under its policy because of damage to the insured van and injuries to the occupants of the van. Allied alleged under its subrogation rights it was entitled to damages from the Department of Transportation because of the negligence of Niemi and the Department.
[¶ 4] On April 6, 1998, the Department of Transportation moved to dismiss the action under N.D.R.Civ.P. 12(b)(i) and 12(h)(3) arguing the district court lacked subject matter jurisdiction because Allied failed to give written notice of a claim against the state under N.D.C.C. § 32-12.2-04(1) (1995). Although Allied's brief quotes the language of the statute as amended in 1997, the collision was on March 25, 1996; therefore, the 1995 version of the statute is applicable. A statute is not retroactive unless the legislature expressly declares it to be retroactive. N.D.C.C. § 1-02-10; State v. Rodriguez, 454 N.W.2d 726, 730 n. 3 (N.D.1990). North Dakota Century Code § 32-12.2-04 (1995) requires:
1. A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded. The time for giving the notice does not include the time during which a person injured is incapacitated by the injury from giving the notice. If the claim is one for death, the notice may be presented by the personal representative, surviving spouse, or next of kin within one year after the alleged injury resulting in the death.
[¶ 5] The district court granted the Department of Transportation's motion to dismiss concluding the Department was entitled to judgment as a matter of law because *203 there were no genuine issues of material fact[1] and:
1. Plaintiff Allied Mutual Insurance Company failed to comply with N.D.C.C. § 32-12.2-04 (1995) in that it failed to timely present a written notice of its claim to the director of the Office of Management and Budget.
2. Even if a Notice of a Claim presented to the director of the Office of Management and Budget on February 27, 1997 by [a Fargo attorney on behalf of the heirs of the deceased passenger] also constituted notice of claim for the claim of plaintiff Allied Mutual Insurance Company, said notice was not timely as to the claim of Allied Mutual Insurance Company.
[¶ 6] On appeal Allied argues N.D.C.C. § 32-12.2-04 (1995) violates the state and federal constitutions. In Swenson v. Northern Crop Ins., Inc., 498 N.W.2d 174 (N.D.1993), we explained:
It is well established that an issue not presented to the trial court will not be considered for the first time on appeal. Gange v. Clerk of Burleigh County District Court, 429 N.W.2d 429, 432 n. 3 (N.D.1988). This constraint applies with particular force to a constitutional issue. Gange, 429 N.W.2d at 432 n. 3; State v. Slapnicka, 376 N.W.2d 33, 36 (N.D.1985). We therefore decline to address [the constitutional] argument.
Id. at 178 (quoting Hanson v. Williams County, 452 N.W.2d 313, 315 (N.D.1990)). During oral argument before this court, Allied asserted the constitutional issue was sufficiently raised to the district court. The court, however, dismissed Allied's complaint finding:
Although plaintiff had raised no argument concerning the constitutionality of N.D.C.C. § 32-12.2-04(1) (1995) in plaintiff's brief, counsel for plaintiff did state at the conclusion of the oral arguments that he believed the statute was unconstitutional. Plaintiff provided no explanation of or argument in support of plaintiff's belated suggestion that the statute is unconstitutional.
[¶ 7] A party challenging the constitutionality of a statute "must bring up the `heavy artillery' ... or forego the attack entirely." In re Craig, 545 N.W.2d 764, 766 (N.D.1996) (quoting Swenson, at 178) (citation omitted). "The `heavy artillery' is necessary because a statute carries a strong presumption of constitutionality `unless [the challenger clearly shows the statute] contravenes the state or federal constitution.'" Id. (quoting, MCI Telecommunications Corp. v. Heitkamp, 523 N.W.2d 548, 552 (N.D.1994) (citation omitted)).
[¶ 8] After an extensive review of the record, we find Allied failed to properly raise the constitutional issue to the district court. Thus, applying the rule that issues not raised in a timely manner to allow for meaningful examination by the trial court will generally not be reviewed by this court, Allied is precluded from raising the issue on appeal.
[¶ 9] Allied next argues the district court erred in dismissing its complaint because actual notice of the incident is sufficient to satisfy N.D.C.C. § 32-12.2-04(1)(1995). On February 27, 1997, a Fargo attorney filed a notice of a wrongful death claim with the Office of Management and Budget on behalf of the surviving spouse and heirs of the passenger killed in the collision. There was no suggestion in the notice the *204 attorney was also presenting a claim on behalf of Allied. Nonetheless, Allied argues the written notice of the wrongful death action was sufficient notice of Allied's subrogation claim. Allied contends the Department of Transportation's notice of the incident "should have the effect of alerting the OMB that property damage was involved."
[¶ 10] The dispositive issue in this case is whether under N.D.C.C. § 32-12.2-04(1) (1995) actual notice of an occurrence is sufficient as a matter of law. We conclude the statute requires written notice of a claim and actual notice of an occurrence is insufficient.
[¶ 11] Although we agree the notice of the wrongful death claim alerted the Office of Management and Budget there was an occurrence, N.D.C.C. § 32-12.2-01 (1995) clearly distinguishes between notification of a "claim" and notification of an "occurrence":
1. "Claim" means any claim for relief brought against the state or a state employee for an injury caused by the state or a state employee acting within the scope of the employee's employment whether in the state or outside the state.
....
3. "Occurrence" means an accident, including continuous or repeated exposure to a condition, which results in an injury.
We therefore conclude although the notice of the wrongful death claim advised the Office of Management and Budget of an occurrence, it failed to notify it of Allied's subrogation claim.
[¶ 12] This court has previously held actual notice is insufficient to fulfill a written notice requirement. See Besette v. Enderlin Sch. Dist. No. 22, 288 N.W.2d 67 (N.D.1980). In April 1976, Christine Besette was injured when she fell off a slide while playing during recess. Id. at 68. Within ninety days of the accident Besette presented her medical bills to the school principal for submission to the school district's group accident and health insurance carrier. Id.
[¶ 13] In October 1977, Donald Besette, Christine's father, filed an action for damages against the school district. Id. The school district moved for summary judgment alleging Besette failed to file a claim within ninety days of the accident as required by 1975 N.D. Sess. Laws ch. 295, § 4(1). Id. at 69. Subsection 1 mandated "any claim against a political subdivision for injuries alleged to have arisen ... shall be filed, within ninety days after the alleged occurrence of such injury, in the office of the county auditor." Id. The district court granted the motion and dismissed the action for failure to file the claim within ninety days. Id.
[¶ 14] On appeal Besette did not dispute the fact he failed to file the claim within ninety days of the accident, but argued the school district's actual notice of the accident was sufficient to satisfy the statute. Id. This court recognized:
[w]ith regard to this issue the overwhelming majority view is that actual notice of an incident does not satisfy a statutory requirement for presenting a written notice or claim to a governmental body and that the failure to present the required written notice or claim precludes the right to commence an action against the governmental body involved.
Id. at 70 (citations omitted). We held actual notice of an incident does not satisfy the written notice requirement of Subsection 1. Id. at 71; see also, Messiha v. State of North Dakota, 1998 ND 149, ¶ 21, 583 N.W.2d 385 (citations omitted) (citing Besette, this court affirmed the summary judgment dismissal of Messiha's noncontractual claims and explained "actual notice of a claim does not satisfy the statutory requirement for presenting written notice of a claim to a governmental body" ).
[¶ 15] Analogous to the facts of Besette, the Office of Management and Budget had notice of the collision occurring on March 25, 1996, and of the wrongful death action filed by the passenger's spouse and heirs. Knowledge of the incident, however, did not alert the Office of Management and Budget of Allied's subrogation claim. North Dakota Century Code § 32-12.2-04(1) (1995) (emphasis added) clearly mandates "[a] person bringing a claim against the state ... shall present ... written notice" of his or her claim to the Office of Management and Budget within one hundred and eighty days after *205 the incident. As a matter of law, the plain language of N.D.C.C. § 32-12.2-04(1)(1995) requires explicit written notice of a claim; therefore, actual notice of an incident is inadequate.
[¶ 16] We hold actual notice of an occurrence is insufficient to satisfy the written notice of the claim requirement under N.D.C.C. § 32-12.2-04(1) (1995) and conclude dismissal was appropriate under N.D.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We therefore affirm the judgment of the district court.
[¶ 17] VANDE WALLE, C.J., MARING, NEUMANN and SANDSTROM, JJ., concur.
NOTES
[1] The district court concluded the Department of Transportation was entitled to summary judgment as a matter of law after considering evidence submitted by Allied without objection from the Department. If the jurisdictional issue is intertwined with the merits of the case, a Rule 12(b)(i) motion should be addressed utilizing Rule 56 standards. Thompson v. Peterson, 546 N.W.2d 856, 860 (N.D.1996) (citing Osborn v. United States, 918 F.2d 724 (8th Cir.1990); see also Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir.1992) (citing Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991)). Where the jurisdictional facts are not in dispute summary judgment standards are not applied and we review the jurisdictional decision de novo. Thompson, at 860. In this case the jurisdictional facts are not in dispute; Allied does not deny it failed to present a specific written notice of its subrogation claim to the Office of Management and Budget. We therefore treat the district court's grant of summary judgment as a dismissal for lack of subject matter jurisdiction under N.D.R.Civ.P. 12(b)(i) and review that decision de novo.