2001 ND 192

**Irene BELLEFEUILLE, Plaintiff and Appellant,**

v.

**Duane E. BELLEFEUILLE, Defendant and Appellee.**

No. 20010028.

Supreme Court of North Dakota.

Dec. 5, 2001.

age rent Service Oil would pay that year is $4,978.00 ($1.52 × 3,275 square feet).

Joanne H. Ottmar, Ottmar & Ottmar, Jamestown, ND, for plaintiff and appellant.

Maureen Holman, Serkland Law Firm, Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Irene Bellefeuille appealed from the trial court's order denying her motion under Rule 60(b), N.D.R.Civ.P., for relief from a divorce judgment, or, in the alternative, to reinstate Irene's spousal support. We conclude the trial court did not abuse its discretion in refusing to grant relief from the 1979 divorce decree under N.D.R.Civ.P. 60(b)(v) & (vi). We further conclude the trial court correctly found it did not have jurisdiction to reinstate spousal support. We therefore affirm.

[¶ 2] Irene and Duane Bellefeuille were divorced by a judgment dated November 28, 1979. The divorce judgment incorporated the parties' stipulation and property settlement agreement.

[¶ 3] Under the terms of the agreement, Irene was awarded possession of all of the household furniture and goods. Irene was also awarded possession of the couple's 1977 Honda, while Duane was ordered to complete payments on the remaining car loan for the Honda. Duane was awarded the 1979 Chevrolet. Additionally, Irene and Duane agreed to sell their house and divide the proceeds equally.

[¶ 4] Duane was ordered to pay spousal support "during his lifetime" and "terminat[ing] at the end of the 5th year following entry of the judgment decree granting the divorce or until the death of the wife, whichever shall first occur." During the first two of the five years the amount to be paid was $450 per month. After the first two years the payments would drop to $300 per month for the remaining three years.

[¶ 5] Duane also agreed to pay Irene's costs for tuition and school expenses dur-

ing the five-year period, up to a total of $2,500. Further Duane agreed to assume all of the parties' debts, to pay Irene's attorney's fees, and to maintain life insurance for Irene's benefit for the five years.

[¶ 6] Though Irene was aware of Duane's postal pension, it was not divided or otherwise addressed in the property agreement. Irene testified that she inquired about whether she had any rights to the pension and was told by her attorney that she did not. Thus, Duane retained the interest in his postal pension.

[¶ 7] The agreement was the product of a process which started in March of 1979 when Irene hired an attorney to begin divorce proceedings against her husband. Duane did not hire an attorney to represent him, but rather dealt directly with the attorney Irene had hired. At the hearing resulting in the order for judgment, only Irene and her attorney were present; Duane did not attend.

[¶ 8] Following the divorce, Irene attended school, and Duane paid the full $2,500 as agreed. Irene completed her education and began work. Irene received spousal support for the full five years and in the full amount agreed upon. While she received spousal support, Irene did not attempt to modify the amount or duration of spousal support. Similarly, Irene made no attempt to have the property and debt allocation of the divorce judgment changed until she filed the motion here at issue.

[¶ 9] In 1999, Irene learned from a friend that she may have had a right to a portion of Duane's postal pension. Upon consulting with an attorney, Irene learned that in the 1980s, after her divorce, the federal law governing the division of postal pensions had changed. Among other things, this change in the law apparently allowed for an ex-spouse to claim a survivor annuity. This opportunity was brief, however. Apparently an ex-spouse had a

defined window of opportunity in which he or she could act. Though Duane was aware of the change in the law, Irene was not. Therefore, Irene did not take steps to avail herself of this opportunity.

[¶ 10] On September 28, 2000, nearly sixteen years after the last spousal support payment was made, Irene filed a N.D.R.Civ.P. 60(b)(v) & (vi) motion for relief from the divorce judgment. Irene moved in the alternative to amend the judgment by reinstating spousal support.

[¶ 11] The trial court denied the motion. The trial court held that a motion under N.D.R.Civ.P. 60(b) was inappropriate because so much time had passed and because Irene had been aware of the pension all along. The trial court further held it did not have jurisdiction to modify the spousal support, because the agreement had been fully performed and there was no reservation of jurisdiction in the divorce decree.

I  N.D.R.Civ.P. 60(b) Motion

[¶ 12] Rule 60(b) motions are "left to the sound discretion of the trial court, and its decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discretion." *Kopp v. Kopp*, 2001 ND 41, ¶ 7, 622 N.W.2d 726. A trial court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.* In turn, a trial court "[a]cts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Id.*

[¶ 13] Rule 60(b) of the North Dakota Rules of Civil Procedure authorizes a trial court to provide relief from a final judgment or order under circumstances speci-

fied in the rule. Irene alleges two of these circumstances are present in this case.

[¶ 14] Irene contends relief is due her under either part (v) or part (vi) of N.D.R.Civ.P. 60(b). Rule 60(b)(v) provides for relief when "the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Rule 60(b)(vi) permits a court to provide relief from a final judgment for "any other reason justifying relief from the operation of the judgment." The trial court may, upon a finding of either of the above reasons, grant a Rule 60(b) motion.

[¶ 15] But Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and accordingly ... should be invoked only when extraordinary circumstances are present." *Kopp v. Kopp*, 2001 ND 41, ¶ 9, 622 N.W.2d 726. Thus, such motions "must be made within a reasonable time." *Id.* at ¶ 7. "What constitutes a reasonable time varies from case to case and must be determined in each instance from the facts before the court." *Avco Financial Services v. Schroeder*, 318 N.W.2d 910, 912 (N.D.1982).

[¶ 16] Here the trial court held that the delay between judgment and motion, nearly twenty-one years, was "well beyond any standard of case law that would allow the reopening." Irene, however, urges that she acted within a reasonable time because she filed her motion within a year of learning she may have had an interest in the pension by virtue of the change in federal law. The trial judge, however, correctly observed that one is presumed to know the law, *e.g., Diegel v. City of West Fargo*, 546 N.W.2d 367, 373 (N.D.1996), and Irene is thus presumed to

have known of the change in federal law from the time the change was made and published, which was apparently sometime in the 1980s. Accordingly, in light of the circumstances of this case, we conclude the trial court did not abuse its discretion when it found twenty-one years to be an unreasonable time to grant relief from a judgment.

## II Jurisdiction

[¶ 17] The second issue on appeal is whether or not the trial court erred in its conclusion that it lacked subject matter jurisdiction sufficient to modify the original spousal support order. This is a question of law, and therefore fully reviewable by this Court. *See Allied Mutual Ins. Co. v. Director of North Dakota Department of Transportation*, 1999 ND 2, ¶ 5 n. 1, 589 N.W.2d 201.

[¶ 18] This Court has explained "[i]f trial courts find no immediate need for awarding permanent spousal support, they should retain jurisdiction to do so beyond a temporary award, when facing uncertainty about the need for permanent support" thereby "leaving the award open for later modification." *van Oosting v. van Oosting*, 521 N.W.2d 93, 101 (N.D.1994).

[¶ 19] When there has been an initial award of spousal support, however, the trial courts retain jurisdiction and may modify the award "[a]t least as long as spousal support continues." *See Quamme v. Bellino*, 540 N.W.2d 142, 147 (N.D.1995). "If circumstances merit, before the rehabilitative spousal support ends, [one] may apply for further spousal support, or for reservation of jurisdiction over the issue." *Id.*

[¶ 20] In the present case the trial court did not retain jurisdiction within the divorce decree, nor is spousal support

currently being paid. Under these facts the trial court did not have jurisdiction to modify the spousal support payments at this late date.

[¶ 21] The order denying the motion is affirmed.

[¶ 22] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and WILLIAM A. NEUMANN, JJ., concur.

KAPSNER, Justice, concurring and dissenting.

[¶ 23] I concur in the result and in the reasoning of Part I of the majority opinion. I must depart with the statement in ¶ 20 of the majority opinion which states "[u]nder these facts the trial court did not have jurisdiction to modify the spousal support payments at this late date." Although I agree with the trial court's decision not to provide for additional spousal support, it is not because of lack of jurisdiction. Prior to August 1, 2001, N.D.C.C. § 14–05–24 provided:

> *Permanent alimony—Division of property.* When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects.

[¶ 24] Case law made it clear the ability to modify the judgment pertained to spousal support, but not to property division. *Kopp v. Kopp*, 2001 ND 41, ¶ 5, 622 N.W.2d 726. With respect to spousal support, this Court has only recognized a lack of jurisdiction in the circumstance where there was neither an original award of spousal support nor a retention of jurisdiction to award support at a later date. *Id.; Rudh v. Rudh*, 517 N.W.2d 632, 633 (N.D. 1994); *Becker v. Becker*, 262 N.W.2d 478, 484 (N.D.1978).

[¶ 25] We have also directed trial courts to explicitly retain jurisdiction when there is uncertainty about the future need for spousal support. *van Oosting v. van Oosting*, 521 N.W.2d 93, 101 (N.D.1994). However, we have never stated that in the absence of such explicit retention of jurisdiction a court lacks jurisdiction over motions to modify the judgment. In *Quamme v. Bellino*, the Court noted the jurisdiction to modify a support award continues "[a]t least as long as spousal support continues." *Quamme v. Bellino*, 540 N.W.2d 142, 147 (N.D.1995). In *Wheeler v. Wheeler*, an original judgment reserved jurisdiction over support matters, but a second judgment incorporating a stipulation of the parties did not retain jurisdiction for further modifications of spousal support. *Wheeler v. Wheeler*, 548 N.W.2d 27, 29 (N.D.1996). In concluding the trial court had jurisdiction to modify the support provisions of the judgment, the Court stated:

> On appeal, Gerridee first asserts that the district court lacked jurisdiction to modify the amended judgment. She argues that, while the original judgment included language specifically reserving continuing jurisdiction over support matters, the second stipulation and amended judgment deleted that language. Gerridee argues that jurisdiction to modify in the first appeal was premised upon this language in the original judgment, see *Wheeler, supra*, and deletion of that language was intended by the parties in their second stipulation to prevent fur-

ther modification of the support provisions.

Gerridee has misread our opinion in the first appeal. We did not imply that jurisdiction to modify the original judgment was dependent upon an express reservation of continuing jurisdiction in the judgment. As we explained in *Wheeler,* a court's continuing jurisdiction to modify ongoing spousal support is statutory.

. . . .

We have interpreted that provision [N.D.C.C. § 14–05–24] to authorize modification of spousal support upon a showing of changed circumstances. *E.g., Ramsdell v. Ramsdell,* 454 N.W.2d 522 (N.D.1990); *Schaff v. Schaff,* 449 N.W.2d 570 (N.D.1989). This authority exists notwithstanding the decree contains the stipulation of the parties as to permanent alimony, although we have said the court " 'should be more reluctant to order a revision and modification of a decree where such a decree was based on agreement than where such decree is based on the finding of the court as to ability to pay.' " *Eberhart v. Eberhart,* 301 N.W.2d 137, 143 (N.D.1981), quoting *Bryant v. Bryant,* 102 N.W.2d 800, 807 (N.D.1960). We conclude the district court had jurisdiction to modify the support provisions of the judgment.

*Id.* at 29–30.

[¶ 26] Although the motion to modify in *Wheeler* was made at a time when there was ongoing spousal support, the above quoted language indicates the basis for jurisdiction arises not from the parties' agreement nor from language retaining jurisdiction in the judgment but from the statute itself. *See id.*

[¶ 27] I am particularly reluctant to further restrict the jurisdiction of the courts to address spousal support by judicial decision when such a decision seems counter to the legislative recognition of continuing jurisdiction. Although the changes made to the statute which became effective on August 1, 2001, are not applicable to Ms. Bellefeuille's motion, they are instructive of the legislature's view of the scope of jurisdiction. The Legislative Assembly acknowledged the difference in jurisdiction to modify spousal support as opposed to property division by amending N.D.C.C. § 14–05–24 to deal only with property division and enacting N.D.C.C. § 14–05–24.1 to handle spousal support. 2001 N.D. Sess. Laws ch. 149, § 10. The latter section now provides:

*Spousal support.* Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time. The court may modify its spousal support orders.

The language does not suggest an intent to further restrict the jurisdiction of the courts to amend spousal support and I would not so hold.

[¶ 28] MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.