2015 ND 251

**Linda A. GRONLAND n/k/a Linda A. Coleman, Plaintiff and Appellant**

v.

**Larry D. GRONLAND, Defendant and Appellee.**

No. 20150108.

Supreme Court of North Dakota.

Oct. 13, 2015.

Linda A. Coleman, Fargo, ND, plaintiff and appellant, represented by counsel at the time of oral argument.

Rachel Gehrig, Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Linda Gronland appealed from a district court order dismissing her motion to modify spousal support because the court lacked subject matter jurisdiction. We affirm and impose sanctions against Linda Gronland's attorney, Jesse Matson, for violating the Rules of Appellate Procedure.

I

[¶ 2] Larry Gronland and Linda Gronland, now known as Linda Coleman, married in 1971 and divorced in 1994. The district court originally awarded Linda Gronland spousal support in the amount of $1,000 per month until her death, remarriage, or when Larry Gronland began drawing Social Security, whichever occurred first. On appeal, this Court affirmed the award. *Gronland v. Gronland,* 527 N.W.2d 250, 254 (N.D.1995). In 1998, the parties stipulated to an amended judgment awarding Linda Gronland $2,000 per month in spousal support, which, like the original award, was to continue until her death, remarriage, or when Larry Gronland began drawing Social Security, whichever occurred first.

[¶ 3] In March 2014, Linda Gronland made a motion to modify the amended judgment under N.D.C.C. § 14–05–24.1. After resolving procedural issues not pertinent to this appeal, Larry Gronland moved to dismiss the motion. He contended the court lacked subject matter jurisdiction to modify the support award because a court's jurisdiction to modify a support award is limited to ongoing support awards. Larry Gronland argued no support award was ongoing at the time of the motion because the support award terminated as of January 1, 2014, the date on which he started drawing Social Security. The judicial referee disagreed, finding the court retained jurisdiction to modify the support award after Larry Gronland began drawing Social Security.

[¶ 4] Larry Gronland sought review by the district court, contending the judicial referee erred in concluding the court retained jurisdiction to modify the support award. The district court agreed. The district court found that Larry Gronland began drawing Social Security on January 1, 2014. The district court concluded that, under N.D.C.C. § 14–05–24.1, courts have jurisdiction to modify a spousal support award only if such award is ongoing. According to the district court, because the support award terminated upon Larry

Gronland drawing Social Security on January 1, 2014, it lacked subject matter jurisdiction over the March 2014 motion. The court dismissed the motion for want of subject matter jurisdiction.

## II

[¶ 5] The issue presented on appeal is whether a court has subject matter jurisdiction to modify a spousal support award that terminated prior to a party filing a motion to modify the award. Linda Gronland argues the district court erred in holding it lacked subject matter jurisdiction over her motion because jurisdiction may extend beyond the support period and she never received actual notice that Larry Gronland began drawing Social Security. Larry Gronland argues the court lacked jurisdiction over the motion because no support award was ongoing when Linda Gronland sought modification in March 2014.

■ [¶ 6] Our standard for reviewing a district court's conclusion concerning subject matter jurisdiction is well-established: "When the jurisdictional facts are not in dispute, the question of subject matter jurisdiction is a question of law, and we review the jurisdiction decision de novo." *Harshberger v. Harshberger*, 2006 ND 245, ¶ 16, 724 N.W.2d 148.

■ [¶ 7] In North Dakota, "a court's continuing jurisdiction to modify ongoing spousal support is statutory." *Wheeler v. Wheeler*, 548 N.W.2d 27, 29 (N.D.1996). Section 14-05-24.1, N.D.C.C., provides: "Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time. The court may modify its spousal support orders."

[¶ 8] In interpreting a statute, we adhere to various canons of statutory construction:

> Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1-02-09.1. If the language of a statute is clear and unambiguous, "the letter of the statute cannot be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. A statute is ambiguous if it is susceptible to different, rational meanings. If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent. N.D.C.C. § 1-02-39.

*State ex rel. North Dakota Dep't of Labor v. Matrix Props. Corp.*, 2009 ND 137, ¶ 8, 770 N.W.2d 290 (quoting *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65 (internal citations omitted)).

■ [¶ 9] "Under N.D.C.C. § 14-05-24.1, a trial court retains jurisdiction to modify spousal support awarded in an original divorce judgment." *Krueger v. Krueger*, 2013 ND 245, ¶ 6, 840 N.W.2d 613. This jurisdiction lasts "[a]t least as long as spousal support continues...." *Quamme v. Bellino*, 540 N.W.2d 142, 147 (N.D.1995). Thus, a court retains jurisdiction while the support is ongoing. *Quamme v. Bellino*, 2002 ND 159, ¶ 11, 652 N.W.2d 360.

■ [¶ 10] Jurisdiction to modify spousal support, however, does not extend beyond the support period, unless the court reserves that jurisdiction. *Bellefeuille v. Bellefeuille*, 2001 ND 192, ¶ 20, 636 N.W.2d 195. A plain reading of N.D.C.C. § 14-05-24.1 prohibits the modification of

a terminated spousal support award. The term "modify," as used in N.D.C.C. § 14-05-24.1, is an inherent limitation on the court's ability to adjust a support award. A request for modification is limited to asking "the court to change one of its earlier orders." *Black's Law Dictionary* 1107 (9th ed.2009). The requested modification is not akin to creating a support award or reviving a support award. In *Becker v. Becker*, we recognized this limitation, holding that a court cannot modify a support award that never existed. 262 N.W.2d 478, 482–83 (N.D.1978). Just as the court cannot modify a support award that never existed because there is no award to modify, *id.*, so too is the court prevented from modifying a support award that has ceased to exist because there is no award left to modify. *Bellefeuille*, at ¶ 20. Therefore, a party seeking modification of spousal support must move for modification during the duration of the support award because a court's jurisdiction to modify the award is coexistent with the ongoing nature of the support award, absent a reservation of jurisdiction beyond the support period.

[¶ 11] Our conclusion here comports with this Court's statements in prior cases. *See, e.g., Bellefeuille*, at ¶ 20 (holding that no jurisdiction to modify existed when there was no reservation of jurisdiction beyond the support period and no "spousal support [was] *currently* being paid"); *Quamme*, at ¶ 11 (holding that jurisdiction to modify existed when the "motion was *timely filed prior to expiration* of the temporary spousal support award."); *Quamme*, 540 N.W.2d at 147 (stating that "*before the rehabilitative support ends*, [one] may apply for further spousal support...."); *Wheeler*, 548 N.W.2d at 29 (stating that "a court's continuing jurisdiction to modify *ongoing* spousal support is statutory.") (emphasis added in all).

[¶ 12] The inability to modify a terminated support award does not allow for differentiations based upon degree of untimeliness. As discussed above, the jurisdiction under N.D.C.C. § 14-05-24.1 is limited to ongoing support awards and cannot revive an award that terminated prior to the motion for modification, even if the delay in bringing the motion was reasonable. Applying these principles in *Bellefeuille*, we held that the court was without jurisdiction to modify a support award that terminated sixteen years prior to the motion for modification and the court did not retain jurisdiction beyond the support period. *Bellefeuille*, at ¶ 20. Although the sixteen year delay was exceedingly late, the delay is indistinguishable from other delays in moving for modification because there is nothing left for the court to modify after the support award terminated, no matter when the support terminated.

[¶ 13] We note that the majority of jurisdictions hold that a spousal support award cannot be modified after the support period ended, unless the court reserved jurisdiction to do so. *See, e.g., Banks v. Banks*, 336 So.2d 1365 (Ala.Civ. App.1976); *Williamson v. Williamson*, 156 Fla. 89, 22 So.2d 578 (1945); *Mercer v. Mercer*, 102 Idaho 816, 641 P.2d 1003 (1982); *Eckert v. Eckert*, 299 Minn. 120, 216 N.W.2d 837 (1974); *Doerflinger v. Doerflinger*, 646 S.W.2d 798 (Mo.1983); *Welke v. Welke*, 205 Neb. 426, 288 N.W.2d 41 (1980); *Marriage of Park*, 43 Or.App. 367, 602 P.2d 1123 (1979); *Brown v. Brown*, 48 R.I. 420, 138 A. 179 (1927); *Arbuckle v. Ciccotelli*, 177 Vt. 104, 857 A.2d 324 (2004); *Brown v. Brown*, 8 Wash. App. 528, 507 P.2d 157 (1973); *Fobes v. Fobes*, 124 Wis.2d 72, 368 N.W.2d 643 (1985); *Harshfield v. Harshfield*, 842 P.2d 535 (Wyo.1992).

[¶ 14] Linda Gronland argues this Court's precedent and rationale are inap-

plicable because of legislative abrogation. In 2001, the Legislature created N.D.C.C. § 14–05–24.1. 2001 N.D. Sess. Laws ch. 149, § 10.[1] Prior to 2001, N.D.C.C. § 14–05–24 (1999) provided the statutory authority for modifying support awards. This section read:

When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects.

N.D.C.C. § 14–05–24 (1999). In enacting N.D.C.C. § 14–05–24.1, Linda Gronland argues the Legislature materially altered the district court's jurisdiction to modify a support award, thereby invalidating this Court's precedent prior to 2001.

[¶ 15] The legislative history accompanying N.D.C.C. § 14–05–24.1 does not support this argument. The 2001 amendment separated modifications of spousal support from modifications of marital property. This parsing clarified that an order dividing marital assets may not be modified while an order granting spousal support may be modified, which is consistent with our precedent. *See Kopp v. Kopp*, 2001 ND 41, ¶ 5, 622 N.W.2d 726. Section 14–05–24.1, N.D.C.C., did not affect a court's jurisdiction to modify a support award because the amended law tracked "the law as it [stood], no substantive changes [were] made or intended to be made." *Hearing*

*on S.B. 2046 Before the Senate Judiciary Comm.*, 57th N.D. Legis. Sess. (Jan. 24, 2001) (testimony of Sherry Mills Moore, State Bar Association of North Dakota). The legislative history makes no mention of superceding this Court's precedent. Accordingly, the change in the statute concerning a court's jurisdiction was one of semantics, not one of substance.

[¶ 16] Applying the foregoing principles to the undisputed facts of this case, the district court lacked subject matter jurisdiction over the untimely motion for modification. The district court found that Larry Gronland began drawing Social Security on January 1, 2014. Under its terms, the support award terminated on that date. Because a court's jurisdiction to modify a support award is coexistent with the continuing nature of the support award, the district court's jurisdiction also terminated as of January 1, 2014. When Linda Gronland moved for modification in March 2014, the district court lacked subject matter jurisdiction over the matter, unless there had been a reservation of jurisdiction. There was no such reservation in this case. Therefore, the district court correctly concluded that it was without subject matter jurisdiction, and the court properly dismissed the motion.

[¶ 17] Nevertheless, Linda Gronland argues the district court erred in its conclusion because she did not have actual notice that Larry Gronland commenced drawing Social Security. Nothing within the support award required Larry Gronland to furnish notice that he began drawing Social Security, nor has Linda Gronland identified any authority requiring notice. Furthermore, here, evidence indicates Larry Gronland notified Linda

---

1. N.D.C.C. § 14–05–24.1 was further amended effective August 1, 2015. 2015 N.D. Sess. Laws ch. 124, § 1.

Gronland in December 2013 that he was eligible to receive Social Security beginning on January 1, 2014. To the extent that notice was required to terminate the support award, the notice furnished by the terms of the support award sufficed to put Linda Gronland on notice that the support award may terminate. If Linda Gronland experienced a change in circumstances during the duration of the support award, there was nothing preventing her from seeking modification of the support award sooner rather than later. By delaying her motion for modification, she assumed the consequences of the delay. Additionally, if Linda Gronland was concerned about receiving actual notice of the circumstance terminating the support award, she should have requested that a provision to that effect be included within the support award. We decline to impose such a requirement after the fact.

### III

 [¶ 18] Larry Gronland argues sanctions are appropriate because of Linda Gronland's failure to comply with the Rules of Appellate Procedure in numerous respects. This Court "may take appropriate action against any person failing to perform an act required by rule or court order." N.D.R.App.P. 13. "Determining whether to administer sanctions for not complying with the Rules of Appellate Procedure rests wholly within our discretion." *Ihli v. Lazzaretto*, 2015 ND 151, ¶ 21, 864 N.W.2d 483. We assess attorney's fees in the amount of $1,000 against Linda Gronland's counsel, Jesse Matson, based upon the cumulative effect of his failure to abide by the Rules of Appellate Procedure, which, among others, include N.D.R.App.P. 3(c)(4), 25(b), and 31(a). This sanction is assessed against Jesse Matson personally and is payable to Larry Gronland.

### IV

[¶ 19] We affirm the district court's order and impose sanctions against Jesse Matson.

[¶ 20] DALE V. SANDSTROM, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

KAPSNER, Justice, concurring.

[¶ 21] I concur.

[¶ 22] For reasons set forth in my separate opinion in *Bellefeuille v. Bellefeuille*, 2001 ND 192, ¶¶ 23–27, 636 N.W.2d 195, I do not read N.D.C.C. § 14–05–24.1 as necessarily depriving this Court of jurisdiction to consider spousal support under these circumstances. A majority of the court, however, did not agree. *Bellefeuille*, at ¶ 20.

[¶ 23] Therefore, I must concur that the trial court correctly applied the jurisprudence of this Court when it determined it lacked jurisdiction to modify spousal support.

[¶ 24] CAROL RONNING KAPSNER