2001 ND 41

**Ardella KOPP, n/k/a Ardella Stein, Plaintiff and Appellee,**

v.

**Myron E. KOPP, Defendant and Appellant.**

**No. 20000200.**

Supreme Court of North Dakota.

Feb. 21, 2001.

Irvin B. Nodland, Irvin B. Nodland, P.C., Bismarck, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Myron Kopp appealed from an amended divorce judgment. We conclude the trial court did not abuse its discretion in granting relief from the original judgment under N.D.R.Civ.P. 60(b)(vi) and entering an amended judgment. We therefore affirm.

[¶ 2] Myron and Ardella Kopp were divorced by a judgment dated December 15, 1999. Under the terms of the original judgment, Myron was awarded property valued at $97,933, and was ordered to pay marital debts of $97,961. Ardella was awarded property valued at $104,763, and ordered to pay marital debts of $97,186. Thus, Ardella received net equity of approximately $7,500, while Myron received approximately equal amounts of property and debt. No spousal support was awarded, but Myron was ordered to pay monthly child support of $526. Each party was ordered to indemnify and hold the other harmless in the event he or she failed to pay the debts assigned.

[¶ 3] Neither party appealed from the judgment. In February 2000, shortly after the time for appeal expired, Myron filed for bankruptcy in federal court. On March 20, 2000, Ardella moved for relief

from the divorce judgment in state court under N.D.R.Civ.P. 60(b). Following an evidentiary hearing,[1] the trial court concluded that Myron's bankruptcy, which essentially released him from liability for the marital debt he was ordered to pay and transferred that burden to Ardella, had created a "terrific disparity" in the parties' financial situations. Accordingly, the court, under N.D.R.CivP. 60(b), vacated the earlier judgment and entered an amended judgment. Under the amended judgment, Myron was ordered to pay $500 per month in spousal support; two retirement accounts and the cash value of two life insurance policies, previously awarded to Myron and valued at approximately $15,798, were awarded to Ardella; and Myron was ordered to pay $500 for Ardella's attorney fees.

[¶ 4] Myron argues the trial court was without jurisdiction to modify the original property distribution or to award spousal support when none was ordered in the original judgment. He contends that, under N.D.C.C. § 14–05–24 and this Court's decision in *Becker v. Becker*, 262 N.W.2d 478 (N.D.1978), the trial court lost all authority to modify the property division or spousal support provisions of the original judgment once the time for appeal had expired.

[¶ 5] Under N.D.C.C. § 14–05–24, the trial court generally retains continuing jurisdiction to modify spousal support, child support, and child custody upon a showing of changed circumstances. *See, e.g., Rowley v. Cleaver*, 1999 ND 158, ¶ 12, 598 N.W.2d 125; *Fichter v. Kadrmas*, 507 N.W.2d 72, 74 (N.D.1993). The court does not, however, retain continuing jurisdiction to modify a final property distribution. *Baker v. Baker*, 1997 ND 135, ¶ 7, 566 N.W.2d 806. Furthermore, in *Becker*, 262 N.W.2d at 484, this Court held that when a

trial court makes no initial award of spousal support and fails to expressly reserve jurisdiction over the issue, it subsequently lacks jurisdiction to award spousal support. *See also Rudh v. Rudh*, 517 N.W.2d 632, 634 (N.D.1994); *Branson v. Branson*, 411 N.W.2d 395, 398 (N.D.1987).

[¶ 6] We therefore agree with Myron that the trial court could not modify spousal support and property distribution based upon its continuing jurisdiction under N.D.C.C. § 14–05–24. Myron has, however, misconstrued the nature of Ardella's motion and the basis relied upon by the trial court in granting the motion. Ardella's motion was not one for modification based upon the court's continuing jurisdiction under N.D.C.C. § 14–05–24, but rather was a motion for relief from the judgment under N.D.R.Civ.P. 60(b). A final divorce judgment may be attacked in the same manner and upon the same grounds as other judgments. *Watne v. Watne*, 391 N.W.2d 636, 638 (N.D.1986). Our caselaw interpreting a trial court's general continuing jurisdiction to modify divorce decrees upon a showing of changed circumstances is wholly inapposite.

[¶ 7] By its terms, N.D.R.CivP. 60(b)(vi) authorizes a court to provide relief from a final judgment or order:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding for the following reasons: ... (vi) any other reason justifying relief from the operation of the judgment. The motion must be made within a reasonable time....

A motion under N.D.R.CivP. 60(b)(vi) is left to the sound discretion of the trial court, and its decision whether to vacate the judgment will not be disturbed on appeal unless the court has abused its discre-

---

1. The bankruptcy court granted Ardella's motion for relief from the automatic bankruptcy stay, allowing the proceeding in state court to continue. The bankruptcy court ultimately discharged Myron's obligation for the marital debts, including his obligation to indemnify and hold Ardella harmless for those debts. *See In re Kopp*, 255 B.R. 230 (Bankr.D.N.D. 2000).

tion. *Peterson v. Peterson*, 555 N.W.2d 359, 361 (N.D.1996); *First National Bank v. Bjorgen*, 389 N.W.2d 789, 794 (N.D. 1986). The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Peterson*, at 361; *Crawford v. Crawford*, 524 N.W.2d 833, 835 (N.D.1994). A trial court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable determination. *Peterson*, at 361.

[¶ 8] A motion under N.D.R.Civ.P. 60(b)(vi) must be brought within a reasonable time. *Brakke v. Brakke*, 525 N.W.2d 687, 689 (N.D.1994). It is generally held that a motion brought within one year of the judgment falls within a "reasonable time" under the rule, and these prompt motions for relief will be granted if justice requires it. *Neubauer v. Neubauer*, 524 N.W.2d 593, 595 (N.D. 1994); 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2864, at 355–56 (2d ed. 1995). In this case, Ardella moved for relief from the judgment on March 20, 2000, approximately three months after entry of the original judgment and within weeks after Myron filed for bankruptcy. The trial court did not abuse its discretion in concluding Ardella's motion was brought within a reasonable time under N.D.R.Civ.P. 60(b)(vi).

[¶ 9] The inherent power of a court to vacate or otherwise grant relief from a judgment in the interest of justice has long been recognized in this state. *See Hamilton v. Hamilton*, 410 N.W.2d 508, 515 (N.D.1987) (citing numerous earlier cases). Rule 60(b), N.D.R.Civ.P., adopted and expanded upon those longstanding principles. *See Hamilton*, at 517–18. Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done,

and accordingly N.D.R.Civ.P. 60(b)(vi) should be invoked only when extraordinary circumstances are present. *Peterson*, 555 N.W.2d at 361; *Watne*, 391 N.W.2d at 639.

[¶ 10] Rule 60(b)(vi), N.D.R.CivP., has been broadly construed as a grant of ample power to a trial court to vacate a judgment whenever that action is appropriate to accomplish justice. *Hamilton*, at 518; *In re Braun*, 145 N.W.2d 482, 484 (N.D.1966); 11 Wright, *supra*, § 2864, at 350. The rule provides for relief when the movant demonstrates it would be manifestly unjust to enforce a court order or judgment, and provides an escape from the judgment, unhampered by detailed restrictions. *Brakke*, 525 N.W.2d at 689; *Braun*, at 484–85. When it is disclosed that a judgment is so blatantly one-sided or so rankly unfair under the uncovered circumstances that courts should not enforce it, N.D.R.Civ.P. 60(b)(vi) provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice. *Peterson*, 555 N.W.2d at 362; *Brakke*, at 689; *Crawford*, 524 N.W.2d at 836. Relief under N.D.R.CivP. 60(b)(vi) "is, by its very nature, invoked to prevent hardship or injustice and thus is to be liberally construed and applied." *Crawford*, at 836 (quoting *Cliche v. Cliche*, 143 Vt. 301, 466 A.2d 314, 316 (1983)).

[¶ 11] The trial court in this case noted the effect of Myron's bankruptcy was to create a "terrible disparity between the financial situations of the parties" because Myron was relieved of the obligations on the marital debts he had been ordered to assume under the original divorce judgment. As a result, Ardella became solely liable to the creditors for those debts, in addition to the marital debts she had already assumed under the original judgment. In effect, the bankruptcy created an unjustifiable windfall to Myron at Ardella's expense by wholly nullifying the equitable nature of the original divorce judgment, which had provided an essen-

tially equal division of the marital assets and debts.

[¶ 12] Under the extraordinary circumstances of this case, we conclude the trial court did not abuse its discretion in granting relief from the original judgment under N.D.R.Civ.P. 60(b)(vi) and entering an amended judgment. Accordingly, we affirm the amended judgment.

[¶ 13] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., and RICHARD W. GROSZ, D.J., concur.

[¶ 14] The Honorable RICHARD W. GROSZ, D.J., sitting in place of KAPSNER, J., disqualified.