2017 ND 245

**Ronald BERRY, Plaintiff**

**v.**

**Phyllis BERRY, Defendant and Appellant**

**No. 20170085**

Supreme Court of North Dakota.

Filed 10/17/2017

Ronald Berry, plaintiff; no appearance.

Robert S. Rau, Minot, ND, for defendant and appellant.

Jensen, Justice.

[¶ 1] Phyllis Berry appealed from a corrected judgment revising the parties' original divorce judgment. Because Phyllis Berry requested the district court retain jurisdiction over the allocation of Ronald Berry's military retirement benefits, and the court effectively denied her request for attorney fees, we affirm.

I

[¶ 2] Phyllis Berry and Ronald Berry were divorced in a judgment entered on January 24, 2008. Following entry of the judgment, Phyllis Berry requested the district court reconsider its allocation of Ronald Berry's military retirement benefits. The court entered an order denying her motion to reconsider on March 3, 2008.

[¶ 3] In 2014 both parties initiated post-judgment motions. Ronald Berry sought

modification of several provisions of the judgment including the allocation of his military retirement benefits. An Order for Amended Judgment and Judgment were entered on March 5, 2015, which included a denial of Ronald Berry's request for modification of the allocation of his military retirement benefits and directing both parties to complete specific tasks. The district court denied Ronald Berry's motion without prejudice, noted that he had failed to comply with the requirements of N.D.R.Civ.P. 60(b)(6), and provided him an opportunity to file the appropriate materials within 45 days of the order.

[¶ 4] On October 14, 2015, the district court issued an order recognizing that Ronald Berry had failed to file additional materials to request Rule 60(b) relief and had failed to submit proof that he had complied with all of the directives contained in the March 5, 2015 Amended Judgment. The court ordered the parties to appear at an order-to-show-cause hearing on November 16, 2015.

[¶ 5] Prior to the hearing on the order to show cause, a proposed Order on Military Retirement Pay addressing allocation of Ronald Berry's military retirement was prepared; the order was drafted as a qualified domestic relations order (QDRO). During the hearing held on November 16, 2015, Phyllis Berry requested that the district court sign the Order on Military Retirement Pay and include within the order a statement that the court was retaining jurisdiction over the allocation of Ronald Berry's military retirement benefits. The court thereafter included a handwritten modification on the QDRO specifically stating that jurisdiction was being retained. The signature line on the QDRO incorrectly states the date as November 16, 2014, but the record indicates it was filed November 18, 2015.

[¶ 6] On November 18, 2015, the district court issued an order, stating that "[s]anctions for contempt are not appropriate at this time since Ronald is addressing the pending issues before the Court." Phyllis Berry made no subsequent applications for contempt. The order also directed the parties to submit information regarding credits and adjustments to the allocation of retirement benefits. Following the submission of additional materials, the district court held an evidentiary hearing, in part, on the issue of the appropriate allocation of Ronald Berry's military retirement benefits. The court subsequently issued an order for a corrected amended judgment and entered a corrected amended judgment modifying the formula allocating Ronald Berry's military retirement benefits.

## II

[¶ 7] Phyllis Berry argues the district court erred in modifying the allocation of Ronald Berry's military retirement benefits because Ronald Berry failed to satisfy the requirements under N.D.R.Civ.P. 60 for modification of the judgment.

 [¶ 8] A district court does not have continuing jurisdiction over a final property distribution. *Ebach v. Ebach*, 2005 ND 123, ¶ 16, 700 N.W.2d 684. Modification of a final property division in a divorce may be modified in the same manner and on the same grounds as other judgments including a motion pursuant to N.D.R.Civ.P. 60. *Kopp v. Kopp*, 2001 ND 41, ¶ 6, 622 N.W.2d 726; N.D.R.Civ.P. 60 (Rule 60).

[¶ 9] The district court properly denied Ronald Berry's initial request to modify the allocation of his military retirement benefits after determining that he had failed to provide pleadings sufficient to satisfy the requirements of Rule 60. The court provided Ronald Berry with an op-

portunity to file a motion under Rule 60, but he did not file pleadings within the time frame set by the court. Following his failure to file additional materials, the district court issued a QDRO to implement the allocation of the military retirement benefits. At the specific request of Phyllis Berry, however, the district court modified the QDRO to note the following: "[t]he Court retains jurisdiction of this case."

[¶ 10] Our standard for reviewing a district court's decision granting relief under N.D.R.Civ.P. 60(b) is well established:

> A trial court's decision to deny [or grant] relief under N.D.R.Civ.P. 60(b) will not be overturned on appeal absent an abuse of discretion. We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling ... [whether] sufficient grounds for disturbing the finality of the judgment were ... established. An abuse of discretion occurs only when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. Rule 60(b) attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done, and, accordingly, the rule should be invoked only when extraordinary circumstances are present.

*Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495 (citations omitted).

[¶ 11] The parties had been litigating modification of the allocation of the military retirement benefits continuously for over a year. Ronald Berry had been filing informal documents (letters) that the district court had been treating as plead-

ings. The QDRO relates specifically to the allocation of the military retirement benefits. At the same time that Phyllis Berry requested the court include a retention of jurisdiction within the QDRO, the district court was scheduling an additional evidentiary hearing regarding the allocation of the military retirement benefits. By requesting the district court include within the QDRO a retention of jurisdiction, Phyllis Berry consented to potential modification of the judgment and eliminated the necessity for Ronald Berry to file additional or new documentation to assert the Rule 60 motion. We conclude the district court did not abuse its discretion in modifying the Amended Judgment and entering the Corrected Amended Judgment in light of Phyllis Berry's consent to the continuing jurisdiction.

[¶ 12] Having concluded that the district court did not abuse its discretion by disturbing the Amended Judgment, we must consider the actual modification of the allocation of Ronald Berry's military retirement benefits; modification of the property division. Property division is treated as a finding of fact subject to the clearly erroneous standard of review. *Striefel v. Striefel*, 2004 ND 210, ¶ 7, 689 N.W.2d 415. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made." *Lynnes v. Lynnes*, 2008 ND 71, ¶ 12, 747 N.W.2d 93.

[¶ 13] In the original judgment and amended judgment the district court intended to provide Phyllis Berry with a proportional share of one-half of Ronald Berry's retirement benefits equal to the length of their relationship divided by the length of Ronald Berry's service. The cor-

rected judgment defined that allocation as follows:

21 years (duration of relationship) divided by 24 years (the number of years of Ronald's military service) multiplied by one-half of 30 percent (REDUX percentage) of Ronald's average monthly earnings from his last three years of military service[.]

[¶ 14] The district court's findings of fact explain that the modification corrected the formula to reflect what the court had originally intended. The original and amended judgments overstated Ronald Berry's years of service (26 rather than 24) and the REDUX percentage (40 percent rather than 30 percent). Absent a correction, Phyllis Berry would have received a share of Ronald Berry's retirement benefits different than what the court had always intended. In light of the circumstances of this case, we conclude the district court's correction was not clearly erroneous.

### III

[¶ 15] Phyllis Berry asserts the district court failed to rule on her request to recover attorney fees in connection with her motion for contempt. She requests the case be remanded for the determination of an appropriate award of attorney fees to be recovered in conjunction with her application for contempt. On November 18, 2015, the district court issued an order stating that "[s]anctions for contempt are not appropriate at this time since Ronald is addressing the pending issues before the Court." Phyllis Berry did not file a subsequent motion for contempt. We affirm the court's denial of attorney fees.

### IV

[¶ 16] The district court expressly denied the request for attorney fees, and we conclude its correction of the formula for allocating the parties' retirement benefits was not clearly erroneous. The corrected judgment is affirmed.

[¶ 17] Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.