# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 209

Suzanne Marie Sanders, f/k/a
Suzanne Marie Bott,                                           Plaintiff and Appellee

v.

Jason Richard Bott,                                           Defendant and Appellant

### No. 20240070

Appeal from the District Court of Cavalier County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Patti J. Jensen (argued) and Ashley A. Olson (on brief), East Grand Forks, MN, for plaintiff and appellee.

Robert C. Fleming, Cavalier, ND, for defendant and appellant.

**Bott v. Bott**
**No. 20240070**

**McEvers, Justice.**

[¶1]    Jason Bott appeals from a district court order denying his motion to amend judgment under N.D.R.Civ.P. 60(b)(6). On appeal, Jason Bott argues the parties formed a valid contract under N.D.C.C. § 9-01-02 and that Suzanne Bott failed to meet her burden of proof for a valid rescission of their agreement under N.D.C.C. § 9-09-02. We affirm, concluding the court did not abuse its discretion in denying Jason Bott's motion to amend the divorce judgment.

I

[¶2]    Jason Bott and Suzanne Bott married in January 2008, and have two minor children. In November 2022, Suzanne Bott initiated a divorce action against Jason Bott. The parties entered into a stipulated settlement agreement, and a judgment reflecting the stipulated terms was entered on June 22, 2023.

[¶3]    Under the judgment, Jason Bott was awarded all the real estate, including the marital home and adjacent lot titled in Suzanne Bott's name, and a rental property, titled in Jason Bott's name. The judgment provided the parties would continue to share the marital home for 30 days, after which Suzanne Bott was to vacate the home. In exchange for Suzanne Bott releasing all real property to Jason Bott, the judgment required Jason Bott to pay a cash property distribution of $425,000 to Suzanne Bott in two equal installments, the first due on July 15, 2023, and the second due on September 15, 2023.

[¶4]    Within days after the judgment was entered, Jason Bott approached Suzanne Bott asking that they alter the terms of the judgment, alleging he was having trouble acquiring money to pay the cash distribution. Other reasons for the proposed agreement were discussed. After Suzanne Bott spoke with her parents about it, her mother drafted a handwritten document at Suzanne Bott's direction stating the following:

> I agree to Suzanne [Bott] retaining ownership of [the marital home] and also the backlot which adjoins the home.

1

> I agree that Suzanne [Bott] will retain ownership of all furnishings and contents that she has purchased in the home. I agree to vacate the home by ~~July 15~~ <u>Aug 1</u>, 2023.
>
> . . .
>
> See list of removable items[.]

Suzanne Bott took the document to Jason Bott, and he changed the date that he was required to leave the marital home. They both signed the document on July 2, 2023. The document was drafted and signed without either divorce counsel's knowledge. Although not contained within the document, both parties testified they understood Jason Bott would not be required to make the $425,000 cash payment to Suzanne Bott. Suzanne Bott testified she felt pressured into entering the agreement because Jason Bott told their minor children they were not getting Christmas presents because she was getting all the money.

[¶5] Thereafter, Jason Bott and Suzanne Bott individually contacted a third-party attorney for further assistance in regard to the document. Suzanne Bott took the document to the attorney, who indicated he would not draft anything for the parties while they were already represented by counsel. The original document was destroyed by the attorney at Suzanne Bott's direction, with only pictures of it surviving.

[¶6] A few days after signing the document, Suzanne Bott told Jason Bott she no longer agreed to take the house, and she was moving out of the marital home into a rental home. Suzanne Bott packed most of her personal items and moved out of the home on July 13, 2023, prior to the deadline required in the judgment. Jason Bott took Suzanne Bott's garage opener from her vehicle and cut the power to the garage doors, denying her access to the home. In addition, Jason Bott called the police when Suzanne Bott came to get personal property awarded to her from the garage. Jason Bott remained in exclusive possession of the home and continued paying utilities. Suzanne Bott continued paying the insurance because Jason Bott had not transferred the insurance to his name.

[¶7]  On July 18, 2023, Suzanne Bott filed a motion for contempt against Jason Bott for failing to make the first installment of the cash property distribution by July 15, 2023, as set forth in the judgment, and asked for sanctions and attorney's fees. Jason Bott responded on August 4, 2023, arguing the parties had renegotiated the terms of the judgment, asserting good cause for not abiding by the judgment's terms. Jason Bott indicated that he ceased all attempts to arrange financing for the installment payments because he thought it was no longer necessary based on the parties' agreement.

[¶8]  On August 17, 2023, Jason Bott filed a motion to amend the judgment, arguing the district court retained jurisdiction to amend the judgment, the divorce judgment should be modified based on the subsequent agreement of the parties, and the court should adopt an amended judgment to reflect the agreement. His prayer for relief included a request for alteration of the divorce judgment's property division to reflect an award of the marital home and adjacent lot to Suzanne Bott and to strike the provisions requiring the cash property distribution. Suzanne Bott opposed the motion, asserting the judgment could not be modified because it was unambiguous, the new document was unenforceable, and any claimed agreement was abandoned by Jason Bott. In his reply brief, Jason asked the court to adopt the contract and amend the judgment accordingly under N.D.R.Civ.P. 60(b)(6), because the parties contractually agreed to "change their mind and do something different," and the contract was binding subject only to ratification by the court.

[¶9]  On September 22, 2023, the district court held a consolidated hearing on the motions. On December 29, 2023, the court denied Jason Bott's motion to amend the judgment, and denied Suzanne Bott's motions for contempt and attorney's fees. The court concluded, based on the words and actions of the parties, they intended to cancel the agreement. The court was unpersuaded by Jason Bott's argument under N.D.R.Civ.P. 60(b)(6), finding the circumstances presented did not support his requested relief from the judgment. The court ordered Jason Bott to remit to Suzanne Bott the first half of the cash property distribution with legal interest within the next 30 days, and the second half with legal interest within the next 60 days. Jason Bott timely appealed.

[¶10] On appeal, Jason Bott argues the agreement entered between the parties was a valid and enforceable contract. He further argues Suzanne Bott failed to meet her burden that the contract was rescinded. Suzanne Bott contends the agreement was not an enforceable contract because it was unconscionable, lacked consent and consideration, was rescinded even if enforceable, and did not satisfy the statute of frauds.

[¶11] Jason Bott asserts the issue on appeal is whether a contract between the parties existed and is subject to a de novo standard of review. We agree the law of contracts must be considered. *Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D. 1974). We acknowledge that parties may stipulate to terms different than those contained in a judgment in a divorce case. *Id.* However, Jason Bott's motion was to amend the existing divorce judgment brought before the district court, in part,[1] under N.D.R.Civ.P. 60(b)(6). While Jason Bott argued to the court that it retained jurisdiction to amend the property distribution under the divorce judgment, we have stated, "[a] district court does not have continuing jurisdiction over a final property distribution." *Berry v. Berry*, 2017 ND 245, ¶ 8, 903 N.W.2d 68 (citing *Ebach v. Ebach*, 2005 ND 123, ¶ 16, 700 N.W.2d 684). Nevertheless, "a final property division in a divorce may be modified in the same manner and on the same grounds as other judgments including a motion pursuant to N.D.R.Civ.P. 60." *Berry*, at ¶ 8; *see also Kopp v. Kopp*, 2001 ND 41, ¶ 6, 622 N.W.2d 726.

[¶12] Although Jason Bott's motion to the district court was styled as a motion to amend, his motion under N.D.R.Civ.P. 60(b)(6) was effectively a motion to vacate the judgment as he sought relief from a judgment imposing a final property division. When relief is sought within the divorce, any agreement would be considered a contractual stipulation. *Lawrence*, 217 N.W.2d at 796 (discussing the distinctions between contractual stipulations and a contract). The

---

[1] Jason Bott also argued N.D.C.C. § 14-05-24 to the district court but has not argued its application on appeal.

primary distinction is the court retains management and control of all stipulations. *Id.* Therefore, we review his motion under the parameters of Rule 60(b)(6), N.D.R.Civ.P., which provides:

> Grounds for Relief from a Final Judgment or Order. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (6) any other reason that justifies relief.

[¶13] The standard of review for motions under Rule 60(b)(6) is abuse of discretion. *Nieuwenhuis v. Nieuwenhuis*, 2014 ND 145, ¶ 10, 851 N.W.2d 130. An abuse of discretion by the district court is never assumed—it must be affirmatively established. *Id.* "A district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Vann v. Vann,* 2009 ND 118, ¶ 10, 767 N.W.2d 855. A court also abuses its discretion if it misinterprets or misapplies the law. *Eberle v. Eberle,* 2009 ND 107, ¶ 16, 766 N.W.2d 477.

[¶14] Rule 60(b)(6) attempts to strike a proper balance between the conflicting principles that litigation must be ended and that justice should be done; therefore, extraordinary circumstances are required for the rule to be invoked. *Vann,* 2009 ND 118, ¶ 10; *Knutson v. Knutson*, 2002 ND 29, ¶ 7, 639 N.W.2d 495. "The rule provides for relief when the movant demonstrates it would be manifestly unjust to enforce a court order or judgment, and provides an escape from the judgment, unhampered by detailed restrictions." *Kopp,* 2001 ND 41, ¶ 10. If a judgment is blatantly one-sided or rankly unfair under the uncovered circumstances, N.D.R.Civ.P. 60(b)(6) provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice. *Id.*

[¶15] "If the judgment sought to be set aside is entered based on a stipulation of the parties, the party challenging the judgment has the additional burden of showing that under the law of contracts there is justification for setting aside the

stipulation." *Vann,* 2009 ND 118, ¶ 11; *see also Eberle,* 2009 ND 107, ¶ 17. "Previously, when this Court has vacated divorce judgments, even if only in part, the Court has required that all interrelated property and support provisions be vacated in their entirety, leaving in place only the decree of divorce." *Nieuwenhuis*, 2014 ND 145, ¶ 13. "A district court may not rearrange a property distribution, especially in the context of a settlement agreement, by picking and choosing certain provisions which are unfavorable to one party and vacating them, while at the same time requiring the other party to uphold his or her end of the bargain." *Id.* at ¶ 14. "We do not determine whether the court was substantively correct in entering the judgment from which relief is sought, but determine only whether the court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." *Vann,* 2009 ND 118, ¶ 10 (quoting *Knutson*, 2002 ND 29, ¶ 7).

[¶16] In considering whether a settlement agreement between divorcing parties should be enforced, the district court should make two inquiries: "(1) whether the agreement is free from mistake, duress, menace, fraud, or undue influence; and (2) whether the agreement is unconscionable." *Vann*, 2009 ND 118, ¶ 11 (quoting *Knutson*, 2002 ND 29, ¶ 8). Whether a property settlement agreement is unconscionable in a divorce is a question of law but "turns on factual findings related to the relative property values, the parties' financial circumstances, and their ongoing need." *Id.* (quoting *Binek v. Binek*, 2004 ND 5, ¶ 10, 673 N.W.2d 594). Findings of fact will not be reversed on appeal unless they are clearly erroneous. N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it has no support in the evidence, or even if there is some supporting evidence, the reviewing court is left with a definite and firm conviction a mistake has been made, or the decision was induced by an erroneous view of the law." *Vann*, 2009 ND 118, ¶ 11 (quoting *Weber v. Weber*, 1999 ND 11, ¶ 8, 589 N.W.2d 358).

[¶17] Jason Bott argued to the district court that the judgment should be amended under N.D.R.Civ.P. 60(b)(6) based on the agreement of the parties. He did not argue the original stipulation on which the judgment was based was the result of mistake, duress, menace, fraud, or undue influence, nor did he argue the agreement was unconscionable. Jason Bott did not argue to the court that there were extraordinary circumstances entitling him to relief from the final

6

judgment under Rule 60(b)(6). The question on appeal is whether Jason Bott has affirmatively established the court abused its discretion because he showed extraordinary circumstances existed that justified relief.

[¶18] Assuming without deciding the parties entered into a valid contract, the district court found Suzanne Bott canceled the agreement by her "actions and express words show[ing] she intended to cancel the agreement" because she moved out of the marital home on July 13, 2023, told Jason Bott that she no longer agreed to their agreement roughly one week before she moved out, and directed the agreement to be destroyed.

[¶19] A contract may be extinguished by rescission, alteration, or cancellation. N.D.C.C. § 9-09-01. A party to a contract may rescind the contract:

> 1. If the consent of the party rescinding or of any party jointly contracting with the party rescinding was given by mistake or obtained through duress, menace, fraud, or undue influence exercised by or with the connivance of the party as to whom the party rescinding rescinds or of any other party to the contract jointly interested with such party; [or]
>
> . . .
>
> 5. By consent of all of the other parties.

N.D.C.C. § 9-09-02.

[¶20] The district court found Jason Bott impliedly consented to cancel the agreement, as evidenced by his actions of "maintaining exclusive control over the marital residence, keeping his personal property in the residence and failing to show credible evidence he had vacated the residence in accordance with [the agreement]." The court found Suzanne Bott moved out of the home on July 13, 2023, conforming with the judgment. There is evidence in the record to support these findings.

[¶21] Even if the district court erred in its findings regarding the agreement, the court also determined in its order that Jason Bott's theory of relief under Rule

60(b)(6) was "unpersuasive," concluding "[t]he circumstances of this matter do not support this [c]ourt determining Jason [Bott] should be granted relief from judgment." The court considered the efforts of the parties in mediating the global settlement on which the judgment was based, noting the parties worked with advice of counsel which distributed the estate in an equitable manner. The court considered the cash property distribution was not only for the real property but also other items of large value in the marital estate. The court further noted, in contrast, the new agreement was obtained in a short time frame and was completed without advice of counsel. In regard to Jason Bott's argument that he could not afford to make the payment, the court did not make a specific finding. However, at the hearing, Jason Bott admitted he had investment accounts worth over $720,000, the property at issue was unencumbered, and the parties were free of debt at the time the original judgment was entered.

[¶22] Jason Bott had the burden to convince the district court that extraordinary circumstances existed to vacate the judgment and amend only two provisions. The original judgment was stipulated to by the parties, therefore Jason Bott had the additional burden of showing the settlement agreement was the result of mistake, duress, menace, fraud, or undue influence; and was unconscionable. Alternatively, Jason Bott had the additional burden of showing the settlement agreement suffered from some type of manifest injustice. The court was not persuaded by his arguments. Upon review of the record, we conclude Jason Bott has not affirmatively shown the court abused its discretion in denying his motion for relief under N.D.R.Civ.P. 60(b)(6).

III

[¶23] We do not address other issues raised because they are either unnecessary to the decision or are without merit. The district court's order is affirmed.

[¶24] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

8