# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 26

Fargo Maple View, LLC,                                      Plaintiff and Appellee

v.

Vicki Loftus,                                      Defendant and Appellee

and

Steven Lofthus,            Defendant, Third-Party Plaintiff, and Appellant

v.

Douglas Kamrowski, in his individual capacity
and as the Guardian and Conservator
of Vicki Lofthus,                          Third-Party Defendant and Appellee

### No. 20250282

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Per Curiam.

James E. Nostdahl, Minot, ND, for plaintiff and appellee; submitted on brief.

Darcie M. Einarson, Grafton, ND, for defendant and appellee and for third-party defendant and appellee; submitted on brief.

DeWayne Johnston and Jacey Johnston, Grand Forks, ND, for defendant, third-party plaintiff, and appellant; submitted on brief.

**Per Curiam.**

[¶1]   Steven Lofthus appeals from a district court order granting summary judgment in favor of Fargo Maple View. Steven Lofthus claims the court abused its discretion in denying his motion to change venue. We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶2]   Fargo Maple View sued, in Cass County, Steven and Vicki Lofthus for unpaid services. Vicki Lofthus is legally incapacitated and Douglas Kamrowski is her guardian and conservator. Steven Lofthus moved for a change of venue, claiming he and Kamrowksi were residents of Grand Forks County. Section 28-04-05, N.D.C.C., provides an "action must be brought in the county in which the defendant or one of the defendants resides . . . ."

[¶3]   Steven Lofthus claims "Grand Forks County is the proper county given the Defendants are all domiciled in Grand Forks County." Residence in law, or domicile, is a question of fact. *In re Burshiem*, 483 N.W.2d 175, 180 (N.D. 1992). Steven Lofthus did not provide the district court evidence to determine Vicki Lofthus's residency. He instead relied on Kamrowski's residency to argue Vicki Lofthus's residency was Grand Forks County. Fargo Maple View argued under N.D.C.C. § 54-01-26 that Vicki Lofthus was a resident of Cass County because she lived at the Fargo facility. The court found Vicki Lofthus was a resident of Cass County. The court denied Lofthus's motion to transfer venue to Grand Forks County because Cass County was a proper venue. Lofthus appeals.

[¶4]   Denial of a motion for a change of venue is reviewed under an abuse of discretion standard. *Eckman v. Stutsman Cnty.*, 1999 ND 151, ¶ 7, 598 N.W.2d 494. "A party seeking to change the venue of an action has the burden of proving the change is warranted by the facts of the case." *Id.* ¶ 6. "An abuse of discretion by the district court is never assumed—it must be affirmatively established" by the appellant. *Sanders v. Bott*, 2024 ND 209, ¶ 13, 14 N.W.3d 86. On this record, we conclude Steven Lofthus failed to show the district court abused its discretion in denying his motion to change venue.

[¶5]   We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶6]   Lisa Fair McEvers, C.J.
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr