# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

### 2026 ND 66

---

Roxane M. Marschner,

Plaintiff, Appellee, and Cross-Appellant

v.

Richard A. Marschner,

Defendant, Appellant, and Cross-Appellee

---

### No. 20250066

---

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Jackson J. Lofgren, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Fair McEvers and Justices Jensen and Bahr joined. Chief Justice Fair McEvers filed a concurring opinion.

Erica J. Shively, Bismarck, N.D., for plaintiff, appellee, and cross-appellant.

Leah M. Warner, Fargo, N.D., for defendant, appellant, and cross-appellee.

**Tufte, Justice.**

[¶1]   Richard Marschner appeals from an amended judgment enforcing an indemnification provision in the divorce decree that dissolved his marriage to appellee Roxane Marschner. Richard argues that the district court erred by ordering him to indemnify Roxane for the loss of her share of his military retirement pay after he waived that pay in favor of disability retired pay, asserting that federal law preempts state courts from enforcing such provisions. Roxane contends that the parties contractually agreed to indemnification, that federal law does not bar enforcement of such agreements, and that the district court properly awarded her spousal support as a remedy. We conclude that federal law prohibits North Dakota district courts from dividing military disability retired pay. We reverse.

I

[¶2]   Richard joined the North Dakota Army National Guard in 1985 and married Roxane in 1994. The parties were divorced in 2016. At that time, they reached a settlement agreement dividing their marital estate. Under the agreement, Richard immediately received $50,500 from Roxane's 403(b) retirement account, and Roxane was to receive a portion of Richard's Army National Guard pension and Federal Employees' Retirement System benefits when he retired. Roxane paid Richard a $90,000 equity payment within 90 days of entry of judgment. The settlement agreement reserved the court's authority to redistribute property if either party failed to comply with the judgment's terms, and both parties waived spousal support.

[¶3]   The district court entered a post-judgment order specifying additional details about the division of Richard's retirement benefits. The order stated that Roxane would receive a percentage of Richard's military retirement as her sole and separate property, payable from Richard's disposable retired or retainer pay. The order defined "military retirement" to include "all amounts of retired pay Richard actually or constructively waives or forfeits in any manner and for any

reason or purpose, including but not limited to any waiver made in order to qualify for Veterans Administration benefits including disability." The order further provided that if Richard took any action that prevented, decreased, or limited Roxane's collection of these sums—including application for or award of disability compensation—he would indemnify Roxane directly from his "disposable retired or retainer pay." Finally, the order retained the court's jurisdiction to "make an award of alimony (in the sum of benefits payable plus future cost of living adjustments)" if Richard failed to comply with the payment provisions "by any means, including the application for a disability award."

[¶4] Richard was subsequently separated from the National Guard for medical reasons and began receiving military disability retired pay. Richard waived an equivalent portion of his retirement pay. The court found that Richard will never receive retirement pay even upon reaching his eligible retirement age because he waived all his retirement pay in favor of disability retired pay.

[¶5] When Roxane filed a request with the Defense Finance and Accounting Service to receive a share of Richard's disability retired pay, DFAS denied her application, explaining: "The entire amount of the member's retired/retainer pay is based on disability, thus there are no funds available for payment under the USFSPA [the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408]."

[¶6] Roxane subsequently filed a Motion for Amended Judgment Pursuant to N.D.R.Civ.P. 60 or to Redistribute the Marital Estate Pursuant to N.D.C.C. § 14-05-24. After several hearings, the district court issued an order and corresponding amended judgment. The court determined that the 2016 divorce judgment and post-judgment orders required Richard to indemnify Roxane and awarded her spousal support in an amount equivalent to her share of the pre-waiver retirement pay, retroactive to when Richard began receiving disability retired pay. Richard appeals from the amended judgment.

II

[¶7] This Court reviews questions of law de novo. *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 16, 980 N.W.2d 204. Whether a federal statute preempts state law is a

2

question of law subject to de novo review when it is a question of statutory interpretation. *Envtl. Driven Solutions, LLC v. Dunn County*, 2017 ND 45, ¶¶ 6-7, 890 N.W.2d 841. The interpretation of a divorce judgment is a question of law that is fully reviewable on appeal. *Boumont v. Boumont*, 2005 ND 20, ¶ 5, 691 N.W.2d 278. Here, we apply the de novo standard of review because the dispositive question in this appeal is a legal one: does a federal statute preempt the district court's enforcement of the indemnification provision in the parties' divorce judgment?

III

[¶8]   Richard argues the district court erred by enforcing the indemnification clause in the 2016 divorce judgment that required the division of his non-disposable, disability retired pay. He asserts that the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408, preempts state law and prevents state courts from dividing non-disposable pay in property settlements. Citing *Howell v. Howell*, 581 U.S. 214, 217-18 (2017), he argues that disability retired pay is non-divisible even if the veteran spouse agreed to divide it in a property settlement.

[¶9]   The district court cited *Howell* for the proposition that courts may account for reductions in retirement pay when calculating spousal support, and held that *Howell* did not prevent it from enforcing the indemnification clause through an award of spousal support. The court noted that several state courts after *Howell* distinguished between voluntary indemnification agreements and court-imposed indemnification, applying *Howell* only to the latter. *See In re Marriage of Weiser*, 475 P.3d 237, 246-47 (Wash. Ct. App. 2020); *Jones v. Jones*, 505 P.3d 224, 230 (Alaska 2022); *Martin v. Martin*, 520 P.3d 813, 818 (Nev. 2022); *Hammond v. Hammond*, 680 S.W.3d 269, 279 (Tenn. Ct. App. 2023); *Yourko v. Yourko*, 884 S.E.2d 799, 804 (Va. 2023).

[¶10] The district court found that awarding spousal support to restore Roxane's lost portion of the retirement pay was an available remedy under the divorce judgment and post-judgment orders. The court reasoned that amending the judgment to award Roxane spousal support in an amount equal to what she lost through Richard's waiver was appropriate because the parties' agreement to

distribute the marital estate was based on a belief that Roxane would eventually receive a share of Richard's military retirement pursuant to the property division.

[¶11] We agree with Richard that the district court misinterpreted *Howell* and erred by dividing his disability retired pay. Under the Act as interpreted in *Howell*, when a divorce decree divides military retirement pay as part of the property division between the two former spouses and the veteran spouse subsequently elects to waive retirement pay in favor of disability pay, a state court cannot award a portion of the disability pay to restore the former spouse's lost portion. *Howell*, 581 U.S. at 221 (citing *Mansell v. Mansell*, 490 U.S. 581, 589 (1989)). A state court may not order the veteran to divide his disability pay by any form of order. *Howell*, 581 U.S. at 222 ("Regardless of their form, such reimbursement and indemnification orders displace the federal rule and stand as an obstacle to the accomplishment and execution of the purposes and objectives of Congress.").

[¶12] Courts in other jurisdictions have interpreted *Howell* to hold that indemnification provisions requiring a veteran to compensate a former spouse for retirement pay lost due to a waiver in favor of disability benefits are void ab initio and do not bind the veteran. *See Berberich v. Mattson*, 903 N.W.2d 233, 241 (Minn. Ct. App. 2017) (holding that court orders providing for indemnification of a former spouse, even when entered into voluntarily, are not enforceable because of federal preemption, and that *Howell* effectively overruled cases relying on the sanctity of contract to avoid federal preemption); *see also In re Marriage of Babin*, 437 P.3d 985, 991-92 (Kan. Ct. App. 2019) (holding that state courts cannot do indirectly what they are prohibited by federal law from doing directly, and that federal preemption foreclosed offsetting a loss through enforcement of an indemnification agreement); *Parish v. Parish*, 991 N.W.2d 1, 6-7 (Neb. 2023) (holding that under the Act and *Howell*, a state court may not order indemnification for waiver of retirement pay in favor of disability pay, although it may consider disability benefits in assessing the parties' financial condition for purposes of alimony).

[¶13] The district court's rationale for enforcing the indemnification clause through spousal support cannot be reconciled with *Howell* and its state court progeny. Even if the parties' agreement obligated Richard to indemnify Roxane for waived retired pay, federal law renders the obligation unenforceable. It makes no difference that the court found that spousal support was an available option to restore Roxane's lost portion of Richard's retirement pay. The court's award of spousal support is merely a semantic reframing of the division of Richard's disability pay. *See Howell*, 581 U.S. at 222. But for Richard's election to waive retirement pay, the court would not have ordered the "spousal support." Importantly, the court did not determine the award by considering the *Ruff-Fischer* guidelines required for awards of spousal support. *See Heinle v. Heinle*, 2010 ND 5, ¶ 22, 777 N.W.2d 590 (requiring consideration of the *Ruff-Fischer* factors for spousal support awards). The effect of the court's order is thus to divide Richard's non-disposable disability pay, not to award spousal support.

[¶14] The *Howell* decision holds that property division orders that affect a veteran's disability pay, regardless of form, are preempted. *Howell*, 581 U.S. at 222. Accordingly, the district court erred when it awarded Roxane spousal support to restore her lost portion of Richard's waived retired pay. Any order of the court requiring indemnification of a veteran's former spouse for military retirement pay waived for disability pay is preempted by federal law and void.

IV

[¶15] The district court erred as a matter of law by ordering spousal support on the basis of void indemnification provisions. We reverse the amended judgment.

[¶16]  Lisa Fair McEvers, C.J.
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr

5

[¶17] The Honorable Daniel J. Crothers, a member of the Court when this case was heard, retired effective February 28, 2026, and did not participate in this decision.

**Fair McEvers, Chief Justice, concurring.**

[¶18] I agree with and have signed with the majority, but I write because the case should be remanded as the result is inequitable to Roxane Marschner.

[¶19] Under N.D.C.C. § 14-05-24(1), a district court must equitably distribute the parties' marital property and debts. The original property division was based on an agreement that appeared equitable at the time and was based on the stipulation of the parties. It was only after Roxane Marschner was denied the military benefits she expected under the stipulation that she requested relief from the judgment. The underlying motion was brought under N.D.R.Civ.P. 60(b) and N.D.C.C. § 14-05-24. As noted by the district court:

> Under Rule 60(b)(5) relief may be granted if applying the judgment prospectively is "no longer equitable." "There must be an unforeseen change of circumstances and a judgment with prospective application." *Kuehl v. Lippert*, 401 N.W.2d 523, 525 (N.D. 1987). Rule 60(b)(6), N.D.R.Civ.P., allows the district court to grant reprieve for "any other reason that justifies relief." "The catch-all clause in N.D.R.Civ.P. 60(b)(vi) gives the court 'a grand reservoir of equitable power to do justice in a particular case.'" *Olander Contracting Co. v. Gail Wachter Invs.*, 2003 ND 100, ¶ 9, 663 N.W.2d 204 (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 106 (4th Cir. 1979)). "'. . . [It] provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice.'" *Id.* (quoting *Kopp v. Kopp*, 2001 ND 41, ¶ 10, 622 N.W.2d 726). But, it "does not have an unlimited reach." *Id.* Relief under Rule 60(b)(6) "should only be invoked when 'extraordinary circumstances are present.'" *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 10, 949 N.W.2d 824 (citing *Hildebrand v. Stolz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197 (internal citations omitted)).

[¶20] The district court found:

6

The parties agreed how to divide the marital estate and agreed Richard would immediately receive $50,500.00 from Roxane's 403(b) retirement account. Roxane also agreed to pay Richard $90,000.00 within 90 days of entry of judgment to make the property distribution equitable. Richard was required to elect the Survivor's Benefit Plan with Roxane as the sole beneficiary so that if he died she would be entitled to benefits. *It is clear from the Settlement Agreement, and the two post-judgment orders, Roxane receiving a portion of Richard's military pay was an important consideration for the parties in distributing the marital estate.*

. . . .

Here, the parties agreed to distribute the marital estate based on a belief Roxane would eventually receive a marital share of Richard's military retirement. Richard immediately received $50,500.00 from Roxane's 403(b) retirement account and Roxane agreed to pay Richard $90,000.00 within 90 days of entry of judgment to make the property distribution equitable. The post judgment orders indicated Richard would make an allotment or pay Roxane directly if she did not receive her share of his benefits. This has not happened. *The Court therefore could, under N.D.C.C. § 14-05-24, redistribute the [marital] estate.* If the Court were to take this avenue the primary focus would likely be on the value of what Roxane believed she would receive versus what she will receive.

However, the simpler remedy is the one repeatedly outlined in the post-judgment orders-the award of spousal support. The Court finds this is the appropriate remedy in this matter.

(Emphasis added.) The court opted for what it deemed the simpler method of achieving equity. That method was legally incorrect. But there could be other avenues for granting Roxane Marschner equitable relief.

[¶21] That the court has inherent power to vacate or otherwise grant relief from a judgment in the interest of justice has long been recognized in this state. *Kopp*, 2001 ND 41, ¶ 9; *see Hamilton v. Hamilton*, 410 N.W.2d 508, 513-515 (N.D. 1987) (discussing the equitable powers of the court to entertain a separate independent action in equity which is a separate legal claim from relief under N.D.R.Civ.P. 60(b)). In *Kopp,* ¶ 10, this Court stated:

7

Rule 60(b)(vi), N.D.R.Civ.P., has been broadly construed as a grant of ample power to a trial court to vacate a judgment whenever that action is appropriate to accomplish justice. The rule provides for relief when the movant demonstrates it would be manifestly unjust to enforce a court order or judgment, and provides an escape from the judgment, unhampered by detailed restrictions. When it is disclosed that a judgment is so blatantly one-sided or so rankly unfair under the uncovered circumstances that courts should not enforce it, N.D.R.Civ.P. 60(b)(vi) provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice.

(Cleaned up.)

[¶22] Here, equity has not yet been achieved. A district court does not generally "retain continuing jurisdiction to modify a final property distribution." *Keita v. Keita*, 2012 ND 234, ¶ 28, 823 N.W.2d 726. However, under N.D.C.C. § 14-05-24(3), a court may redistribute property and debts in a post-judgment proceeding when a party fails to comply with an order distributing property and debts. In addition, the parties' settlement agreement reserved the court's authority to redistribute property if either party failed to comply with the judgment's terms. Richard Marschner may not have deliberately failed to comply with the judgment, but the result was the same. While upsetting any judgment should be a rare circumstance in our jurisprudence, the results here beg for relief. Because equity still has not been achieved, I would remand for further consideration of alternative relief as the district court deems equitable, including further proceedings if necessary.

[¶23] Lisa Fair McEvers, C.J.